(163 App. Div. 159)

## MARLBOROUGH WATERWORKS CO. v. VILLAGE OF MARLBOROUGH.

### (No. 150–92.)

(Supreme Court, Appellate Division, Third Department.  July 1, 1914.)

WATERS AND WATER COURSES (§ 203*)—WATER RENT—IMPLIED CONTRACT.

    A village authorized by Village Law (Consol. Laws, c. 64) § 220, to contract for the supplying of water to it for the extinguishment of fires, etc., was liable on an implied contract for hydrant rental at the rate previously paid, where, after a demand of the water company for a higher rate had been rejected by the taxpayers, the hydrants were used by the local incorporated fire company.

    [Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 289–299; Dec. Dig. § 203.*]

Appeal from Ulster County Court.

Action by the Marlborough Waterworks Company against the Village of Marlborough. Judgment for plaintiff upon a trial by the court without a jury, and defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOW-ARD, and WOODWARD, JJ.

Alexander Johnston, of Marlborough, for appellant.

A. D. & A. W. Lent, of Highland (Andrew Wright Lent, of Highland, of counsel), for respondent.

WOODWARD, J. The complaint alleges that the plaintiff is a domestic water company, and that the defendant is a municipal corporation, and that:

"Heretofore and from and including the 1st day of April, 1912, to and including the 1st day of October, 1912, the defendant the village of Marlborough, used and occupied, for the purpose of providing fire protection for the inhabitants of said village and the property within the limits thereof, the fire hydrants which form a part of the plaintiff's said waterworks plant and water system within said village, and did agree to and with the plaintiff to pay therefor, at the rate of $20 per year for each hydrant, payable and due in semiannual installments of $10, each hydrant; and that the said rate of $10 per hydrant for a period of six months is the reasonable value of such use; and that, by reason of the said facts, the defendant became indebted to the plaintiff in the sum of $340, the number of such hydrants so used and occupied by the defendant as aforesaid being 34."

The answer was a general denial of the material allegations of the complaint, and the evidence on the trial was to the effect that the defendant had in former years rented these hydrants at the rate of $20 per year; that the plaintiff had demanded an increase in the rate, and that a proposition submitted to the taxpayers for an appropriation for such increase had been defeated; that the plaintiff had been notified of the result of such submission, but without any express notice of an intention to cease using the hydrants; that a fire occurred in the village; and that the local fire company, an incorporated association, which had been in service for many years and which was the only organization for fighting fires, made use of the hydrants; and that the plaintiff subsequently presented its bill for the payment of the six months' rentals.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Under the provisions of section 220 of the Village Law, the defendant was authorized to contract (for it is conceded that the defendant's board of trustees had the powers of water commissioners) with a corporation for supplying water to the village for extinguishing fires or other public purposes; "but such contract shall not be made for a longer period than five years, nor at an expense for each fiscal year exceeding two and a half mills on every dollar of the taxable property of the village as appears on the last preceding village assessment-roll, unless authorized at a village election." There is no allegation that the amount required for the payment of this bill, or for the amount of the bill for the year at the same rate, would be in excess of the amount authorized to be raised without a vote of the taxpayers, and we are of the opinion that the facts disclosed warranted a holding that there was an implied contract for the payment of the amount claimed, which is conceded to have been the amount paid on previous contracts. The case comes within the principles involved in Port Jervis Water Co. v. Village of Port Jervis, 151 N. Y. 111, 45 N. E. 388), and there appears no good reason why the claim should not be paid.

The judgment appealed from should be affirmed, with costs. All concur.