In the Matter of the Town of Highlands et al., Appellants, *v.* King J. Weyant et al., Constituting the Board of Trustees of the Village of Highland Falls, et al., Respondents.

Second Department, February 14, 1972.

*William J. Haft* (*Myron I. Mandel* of counsel), for appellants.

*Nolan & Heller* (*Howard C. Nolan, Jr.,* of counsel), for respondents.

Gulotta, J. This is an appeal by the petitioners from a declaratory judgment which held four contracts made by two water districts and two sewer districts with the respondent village for the furnishing of water and sewer services to the inhabitants of these districts to be void and unenforceable. The term of each of the contracts is for " so long as the said district exists ".

The trial court held that, since these contracts might be operative for more than 40 years and sections 118-a and 119-a of the General Municipal Law, which deal with water supply and sewage disposal, respectively, limit such contracts to a period not in excess of 40 years, they were void *ab initio* and unenforceable, although only about 10 years have elapsed since the contracts were made in 1961 and 1962.

I believe this reaching out by the trial court so as to declare void contracts formally entered into by a municipality which deal with a subject matter for which the municipality has the undoubted right to contract, simply because the contracts *might* extend for too long a period, is unwarranted and unnecessary. We may assume that the municipal officials intended to contract in conformity with the legislative mandate. The statutory purpose will be served by limiting the contracts to the permissible statutory period.

No New York case in point is cited by the Special Term. The indication in both Corpus Juris Secundum (63 C. J. S., Municipal Corporations, § 979) and McQuillin, Municipal Corporations (3d ed., vol. 10, § 29.100, p. 490) is that in other jurisdictions the problem has been handled in a variety of ways, but the following cases squarely hold such contracts valid for the permissible statutory period: *State ex rel. Attorney-General* v. *Ironton Gas Co.* (37 Ohio St. 45), *Cartersville Improvement, Gas and Water Co.* v. *Mayor* (89 Ga. 683). An early New Jersey case, *Board of Finance of Jersey City* v. *Mayor* (55 N. J. L. 230), held a contract to be void because it might exceed the allowed statutory period, but on appeal (57 N. J. L. 452) the basis for the ultimate decision was on a different ground. Contrariwise, an old Federal court case, *Manhattan Trust Co.* v. *City of Dayton* (59 F. 327), held that a contract for an indefinite term would not be valid even for the permissible 10-year period. No persuasive reason was advanced for this approach.

Additionally, it should be noted that the New York statutory provisions and how they apply to our fact situation are not free from doubt. Section 234 of the Village Law, which deals with contracts by a village with other districts for the purchase and sale of water, limits such contracts for the sale of water to 10 years, but permits the village to contract for the purchase of water for 40 years. Section 276 of the same law, relating to contracts between villages and sewer districts for operation and maintenance of sewer systems, in contrast to section 119-a of the General Municipal Law, has no time limit.

Furthermore, section 120 of the General Municipal Law authorizes contracts for the purification of a water supply and sewerage between villages and improvement districts without prescribing any time limit; and section 120-a of that law specifically authorizes a contract between municipalities and sewer districts for sewerage disposal " upon such terms and for such consideration and *length of time* as may be mutually agreed upon between all the contracting municipalities " (emphasis added).

Thus the legislative purpose would seem to be somewhat clouded and certainly there is no clear-cut reason to allow a repudiation of these entire contracts to the detriment of the inhabitants of the improvement districts, simply because they might exceed a statutory term. The aim would seem to be to encourage these co-operative contracts between municipalities rather than to discourage them. It is well stated in New York Jurisprudence (40 N. Y. Jur., Municipal Corporations, § 810) that " courts should not be astute to enable a municipal corporation to disavow its just commitments or obligations, or to conduct itself respecting them in a manner violative of fair dealing, which they would not sanction were natural persons the parties involved."

It is our opinion, therefore, that the ordinance of April 20, 1971 of the respondent village, purporting to abrogate the contracts in question, is void and of no effect.

Were this the only issue, we might well finally dispose of this case now as a matter of law. However, there are two factual questions which can be determined only after a plenary trial, namely, (1) whether any binding contract exists obligating the respondent village to supply sewerage services to the appellant Satterlee Grove Sewer District and (2) whether there existed a conflict of interest sufficient to vitiate the contracts, by reason of the simultaneous representation of all the parties to the contracts by the same firm of attorneys and by further reason of an undisclosed financial interest of said attorneys in the land developers who were the beneficiaries of these water and sewer agreements.

The judgment should be reversed, on the law, and the case remanded to the Special Term for trial of the factual issues, with costs to abide the event. No questions of fact have been considered.

HOPKINS, Acting P. J., SHAPIRO, CHRIST and BENJAMIN, JJ.. concur.

Judgment of the Supreme Court, Orange County, entered August 24, 1971, reversed, on the law, and case remanded to the Special Term for trial of the factual issues, with costs to abide the event. No questions of fact have been considered.