■ SUFFOLK COUNTY WATER AUTHORITY, Appellant-Respondent, v BOARD OF FIRE COMMISSIONERS, CENTERPORT FIRE DISTRICT, Respondent-Appellant. — In an action to recover unpaid fire hydrant rental fees, the parties cross-appeal from a judgment of the Supreme Court, Suffolk County (Geiler, J.), dated July 1, 1981, which (1) dismissed the defendant's counterclaim to recover certain rental charges paid under protest, and (2) adjudged the plaintiff to be entitled to recover from the defendant the sum of $55 per hydrant for the year of 1973, and the sum of $63.80 per hydrant annually for the years 1974 through 1979. Judgment modified, on the law and the facts, by deleting the provision which assessed an annual rental fee of $63.80 per hydrant for the period January 1, 1974 through December 31, 1979, and substituting a provision that plaintiff is entitled to a rental fee of $66 per hydrant for that period, as well as a "delinquent service charge". As so modified, judgment affirmed, without costs or disbursements, and case remitted to Trial Term for entry of an appropriate amended judgment. Although there was no express contract in existence between the parties for the period covered by our modification, the plaintiff is entitled to recover from the defendant the reasonable value of the services rendered by it on a *quantum meruit* theory (see 10 McQuillin, Municipal Corporations [3d ed], § 29.111). The defendant requested the plaintiff's services, and thereafter used and accepted the benefits of plaintiff's water supply and maintenance facilities with full knowledge that payment was required. In addition, fire hydrants were supplied and positioned in accordance with the district's directives, allocations for rental charges were included in the district's annual budget, and taxes were levied by the Town of Huntington in order to cover these charges. Under such circumstances, an implied contract may be found to exist, and the defendant required to pay for the reasonable value of the services rendered to it (see *Port Jervis Water Works Co. v Village of Port Jervis*, 151 NY 111; *People ex rel. Arthur v Huntington Water Works Co.*, 208 App Div 807; *Marlborough Water Works Co. v Village of Marlborough*, 163 App Div 159). As for the appropriate measure of that recovery, the burden lies with the party challenging the reasonableness of the rates fixed by a local governmental body, such as the plaintiff Suffolk County Water Authority (see Public Authorities Law, § 1074 *et seq.*), to establish that the rates charged are unreasonable (see *Larsen Baking Co. v City of New York*, 30 AD2d 400, affd 24 NY2d 1036), and here, the only evidence offered by defendant on this issue consisted of a showing that the annual hydrant rental fees charged by certain *other* municipal water districts within Suffolk County were less than the $66 per hydrant per year charged by the plaintiff. These other districts, however, acquire a substantial portion of their revenue from the imposition of taxes, and thus have a totally different financial structure and one which appears to favor the fire districts at the expense of the private sector. Insofar as the defendant has failed to rebut the presumption of reasonableness attaching to the plaintiff's rate schedule (see 12 McQuillin, Municipal Corporations [1970 rev], § 35.37a), it is bound thereby. In this connection, we note that the trial court, in fixing the fair and reasonable value of the rental of hydrants within the

plaintiff's system at $63.80 per hydrant per year for the period 1974 through 1979, erred in affording conclusive effect to the judgment entered upon a jury verdict in *Suffolk County Water Auth. v Board of Fire Comrs., Commack Fire Dist.* (69 AD2d 1023). The jury in that case was charged, in accordance with the plaintiff's request, that despite the absence of an express contract, they might nevertheless award the plaintiff the reasonable value of the services rendered by it to the Commack Fire District on the theory of an implied contract, and that the latter should be expressed in the form of an annual "per hydrant" rate. Thus, the court therein stated: "A municipal entity such as a fire district may be a party to an implied contract. I so charge you, that is the law. There is no proof of an express contract here. You may find, however, an implied agreement from the furnishing of water supply services by the plaintiff and acceptance and use of such water supply services by defendant as evidence of such agreement. * * * You may find there was an implied agreement if you find that the plaintiff did in fact furnish water supply services through fire hydrants and that the defendant accepted such water supply services under circumstances from which you find it reasonable to infer that the plaintiff expected to be paid for the services, that the defendant accepted such services and that the defendant did pay for such water supply service. If you find that there was such an agreement then the law will imply that payment was to be at such rate as constituted the reasonable value of the services rendered. I so charge you. * * * Ordinarily where services are rendered or materials are furnished and they have been accepted, as in this case water supply through fire hydrants, the law would imply a contract to pay the reasonable value. I so charge you, I have already charged you." In addition, the jury was never informed that the rate as established by the water authority was presumed to be reasonable, and was in fact instructed that the burden was upon the authority to prove "the reasonable value of [its] hydrant rental[s]", i.e., "what their services were [reasonably] worth". No objection was taken by the authority to any portion of the court's charge, and it was therefore held, on the appeal, to have waived its right to contest the rate as established by the jury. Under these circumstances, the jury verdict in that case represented a factual determination that the reasonable value of the services rendered to the *Commack* Fire District for the years in issue (1974-1977) amounted to $63.80 per hydrant per year, but in no way did it constitute a binding determination that the presumption of reasonableness attaching to the $66 per year rate had been effectively rebutted. Accordingly, the decision in that case was essentially *sui generis* and should not have been extended beyond its own facts. Moreover, the court here further erred in refusing to honor the authority's claim to a 1½% so-called "delinquent service charge" imposed in 1975 on the apparent ground that the foregoing would constitute an impermissible award of interest against a municipal corporation in excess of that authorized by subdivision 1 of section 3-a of the General Municipal Law. The delinquent service charge forms an integral part of the plaintiff's rate schedule, the reasonableness of which has not been rebutted. "The charge imposed for late payments is neither a penalty nor a service charge * * * nor [is it] other than compensatory" (*Consolidated Edison Co. of N. Y. v Yeshiva Univ.*, 67 AD2d 895). Manifestly, it does not constitute an award of prohibited interest. We have considered the parties' remaining contentions and find them to be without merit. Lazer, J. P., Gibbons, Gulotta and Bracken, JJ., concur.