OPINION OF THE COURT
Memorandum.
Order affirmed, with costs, for reasons stated in the memorandum at the Appellate Division (89 AD2d 849). In addition, we note that the appellant has cited no authority to support its contention that the respondent should have been compelled to enter into a contract specifying the terms on which respondent’s service was to be provided. Rather, the clear import of section 1085 of. the Public Authorities Law is that the making of such a contract is permissive. This statute, which applies specifically to the Suffolk County Water Authority, does no more than “authorize” the authority to contract with a municipality or fire district. Moreover, the inference that the statute is permissive is reinforced by the provision that, after a public hearing to be called by the prospective purchaser, its governing body “may authorize the execution [of a contract] by the adoption of a resolution to such effect” (emphasis supplied). Remaining doubt, if any, is dispelled by the fact that, even when such a contract is entered into, it yet must defer to “any resolution of the authority authorizing obligations relating to the imposition of rates, fees or charges and the revision or adjustment thereof”.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
*649 Order affirmed, with costs, in a memorandum.