■ MARK TROY et al., Appellants, v MELVIN S. OBERLANDER et al., Respondents, et al., Defendant.—Order of the Supreme Court, New York County (Harold Baer, Jr., J.), entered on or about February 10, 1988, which, inter alia, denied the cross motion of plaintiffs Troy and Vanderberg for attorneys' fees, unanimously modified, on the law, the cross motion for attorneys' fees is granted and the matter remanded for a hearing to establish the amount of the fees reasonably to be assessed, and except as so modified, affirmed, without costs.

Plaintiffs Troy and Vanderberg in this declaratory judgment action were defendants in a holdover eviction proceeding brought against them by present defendants Oberlander and

Blumberg in 1983. Eviction of Troy and Vanderberg was sought for their alleged failure to surrender premises they leased from Oberlander and Blumberg at the expiration of their leases. Although the premises were rent stabilized, which circumstance would ordinarily have entitled Troy and Vanderberg to renewal leases, it was the landlords' claim that a pending cooperative conversion eviction plan affecting the premises rented by Troy and Vanderberg released them from the obligation to offer renewal leases. In 1984 the holdover eviction proceeding was removed to Supreme Court and consolidated with the present action in the context of which there has since been rendered a declaration invalidating defendants' cooperative conversion plan. With the plan's invalidation the basis for the summary eviction proceeding was removed and the proceeding was dismissed. The question now is whether the holdover defendants Troy and Vanderberg are entitled to an award of attorneys' fees to cover the reasonable costs of defending the eviction proceeding. We think that they are.

The tenants' leases each contained standard attorney fee provisions in favor of the landlord, thus triggering the reciprocity provisions of Real Property Law § 234 which, in such circumstances, provides for the implication in the lease of "a covenant by the landlord to pay to the tenant the reasonable attorneys' fees and/or expenses incurred by the tenant as the result of the failure of the landlord to perform any covenant or agreement on its part to be performed under the lease or in the successful defense of any action or summary proceeding commenced by the landlord against the tenant arising out of the lease". The motion court was apparently of the view that the holdover eviction proceeding did not concern an obligation of the lease since the leases had expired prior to the commencement of the action and, accordingly, denied the motion. However, as we have since made clear in *Cier Indus. Co. v Hessen* (136 AD2d 145, 148-149), the obligation to surrender the leased premises at the end of the lease term is a covenant of the lease and it was ultimately upon the tenants' alleged breach of this covenant that the holdover eviction proceeding against Troy and Vanderberg was predicated. As it has subsequently been determined that the proposed eviction plan was invalid and that Troy and Vanderberg were, therefore, entitled to renewal leases, it is apparent that the obligation arising from the lease to surrender the premises at the conclusion of the lease term was never triggered. Thus it can be seen that what was fundamentally at issue in the summary eviction proceeding was the landlords' claim that an obliga-

tion of the lease had not been abided. Tenants Troy and Vanderberg having proved otherwise, and, in fact, that it was the landlords who had not met their obligation to offer lease renewals, they are entitled pursuant to Real Property Law § 234 to recover the reasonable attorneys' fees incurred in the defense of the subject holdover proceedings. Concur—Murphy, P. J., Carro, Asch, Milonas and Smith, JJ.