■ NORMAN L. PECK, Respondent, v PETER WOLF, Appellant. NORMAN L. PECK, Appellant, v PETER WOLF, Respondent.— Order, Supreme Court, New York County (Edith Miller, J.), entered May 27, 1988, which granted defendant's motion to dismiss (at trial) upon plaintiff's failure to establish a prima facie case, and order, Supreme Court, New York County (Andrew R. Tyler, J.), entered on or about February 15, 1989, which granted plaintiff's motion for reargument and, upon reargument, denied defendant's motion for attorney's fees, are unanimously affirmed, without costs or disbursements.

Plaintiff is the owner of an apartment in New York City. Defendant is the rent-stabilized tenant of the apartment and has been since 1969. This nonprimary residence declaratory judgment action was commenced by plaintiff in January 1984. Defendant was a tenant, at that time, pursuant to a renewal lease that commenced January 1, 1982 and ended December 31, 1984. After plaintiff presented his case, defendant made a motion to dismiss, which Trial Term granted.

On a motion to dismiss at the close of plaintiff's case,

plaintiff is entitled to all favorable inferences which can be reasonably drawn from the evidence. *(Santiago v Steinway Trucking,* 97 AD2d 753.) The record reveals that defendant resided at the apartment an average of 250 days each year. The apartment's address was listed on defendant's 1982 through 1984 tax returns. Defendant lived and worked in New York City and traveled to East Hampton nearly every weekend to see his children and wife. Defendant registered his automobile from the East Hampton address inasmuch as he kept his car there. He was also registered to vote in East Hampton. When defendant learned that such documents might be misconstrued against him, he changed them.

Accordingly, the trial court correctly ruled that plaintiff failed to establish that defendant was not a primary resident of the subject apartment.

On reargument, Trial Term denied defendant's motion for attorney's fees, holding that neither the lease nor Real Property Law § 234 permitted a recovery of attorney's fees. Indeed, none of the requisite statutory elements contained in section 234 is present in this case. This is not an action or summary proceeding arising out of a lease of residential property, but rather, a declaratory judgment action seeking a determination of whether or not the apartment was maintained as a primary residence. *(See, Park House Partners v DeIrazabal,* 140 AD2d 84.)* What is at issue is primary residence, not a violation of a tenant's lease obligation. *(See, e.g., Kips Bay Towers Assocs. v Yuceoglu,* 134 AD2d 164; *cf., Cier Indus. Co. v Hessen,* 136 AD2d 145.)

Accordingly, since neither the lease nor the statute imposes an obligation to pay the successful party's attorney's fees in this proceeding, defendant's claim for attorney's fees is without merit. Concur—Murphy, P. J., Sullivan, Ross, Rosenberger and Ellerin, JJ.