■ NASSAU COUNTY, Respondent-Appellant, v INCORPORATED VILLAGE OF ROSLYN et al., Appellants-Respondents, et al., Defendant. (Action No. 1.) NASSAU COUNTY, Respondent-Appellant, v INCORPORATED VILLAGE OF ROSLYN et al., Appellants-Respondents, et al., Defendant. (Action No. 2.) [631 NYS2d 42] —In two related actions to recover a proportionate

share of charges and/or fees, *inter alia,* for the use of a county sewage disposal facility, the defendants Incorporated Village of Roslyn, Joel Pasnik, as Mayor, and Howard Needleman, Roger G. Gerry, Roy Arroll, and Robert Abrams, as Trustees, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), entered October 4, 1993, as granted the branch of the plaintiff's cross motion which was for summary judgment on the issue of liability in both actions, and (2) the plaintiff cross-appeals from so much of the same order as denied the branch of its cross motion which was for summary judgment on the issue of liability in Action No. 1 against the defendants Joel Pasnik, Howard Needleman, Roger G. Gerry, Roy Arroll, and Robert Abrams, individually, and granted the motion of the defendant Elias Spielman to dismiss the complaints insofar as they are asserted against them.

Ordered that the order is affirmed; and it is further

Ordered the plaintiff is awarded one bill of costs.

The Supreme Court properly determined that the defendant the Incorporated Village of Roslyn (hereinafter the Village) ratified the joint municipal agreement it entered into with the plaintiff Nassau County (hereinafter the County) *(see, Seif v City of Long Beach,* 286 NY 382, 386-387; *Albany City Natl. Bank v City of Albany,* 92 NY 363, 365-366).

In the absence of any resolution by the Village's Board of Trustees concerning how the Village intended to pay for the cost of using the County sewage treatment facilities *(see,* Village Law § 5-520; *see also,* Local Finance Law § 15.00 [c] [3] [b]), the Supreme Court properly determined that the Village was liable under the theory of implied contract for damages in quantum meruit *(see, Kramrath v City of Albany,* 127 NY 575, 579-581; *Gill, Korff & Assoc. v County of Onondaga,* 152 AD2d 912; *Vrooman v Village of Middleville,* 91 AD2d 833, 834-835; *Suffolk County Water Auth. v Board of Fire Commrs.,* 89 AD2d 849, *affd* 59 NY2d 646; *Northern Westchester Light. Co. v President of Vil. of Ossining,* 219 App Div 531, 538).

The Village and the County each possessed the power to enter into the joint municipal agreement *(see, e.g.,* NY Const, art VIII, §§ 1, 2-a; General Municipal Law § 119-o [1]; § 120; 1984 Opns St Comp, Nos. 84-63, 89-63; 24 Opns St Comp 873, No. 68-943; Nassau County Government Law §§ 1218, 1231; Village Law §§ 14-1400, 14-1436, 17-1718 [14] [c]). Moreover, the joint municipal agreement was valid notwithstanding the fact that it did not contain a period of usefulness *(see,* NY Const, art VIII, § 2; Local Finance Law § 11.00 [a] [4]; § 15.00

[c] [2]), it did not contain a time limitation *(see, Matter of Town of Highlands v Weyant,* 38 AD2d 256, 257), it did not set forth the total amount of the Village's indebtedness *(compare,* General Municipal Law § 119-o [2] [a]), and the County did not ultimately issue bonds as it originally intended *(see, Rice v Cayuga-Onondaga Healthcare Plan,* 190 AD2d 330, 331-332).

The Supreme Court properly granted the County's motion for summary judgment in both actions notwithstanding the Village's allegations of fraud, as the alleged misrepresentations by the County about what would be done in the future were not actionable *(see, Chimento Co. v Banco Popular de Puerto Rico,* 208 AD2d 385; *Barrett v Littles,* 201 AD2d 444; *see also,* CPLR 3211 [c]; *De La Poer v Salomon Bros.,* 193 AD2d 568). The Village's contentions with respect to its remaining affirmative defenses are equally without merit.

In view of this determination, pursuant to the County's request we need not address the issues raised in the County's cross appeal concerning the liability of the remaining defendants.

By limiting their cross notice of appeal to the issue of whether the Supreme Court erred in denying the branch of their cross motion which was for summary judgment on the issue of liability in Action No. 1 against certain individuals and in granting the motion of Elias Spielman to dismiss the complaints insofar as asserted against him, the County has waived its right to appeal the denial of the branch of its cross motion which was for summary judgment on the issue of damages. In any event, the Supreme Court correctly held that questions of fact precluded an award of summary judgment to the County for the damages demanded in its complaints *(see, Suffolk County Water Auth. v Board of Fire Commrs.,* 89 AD2d 849, supra).

Finally, we note that while the Village's claims were not meritorious, it cannot be said that the Village engaged in frivolous conduct within the meaning of 22 NYCRR 130-1.1 (a) in pursuing its appeal so as to warrant the imposition of sanctions under that rule *(see, Matter of Gerdts v State of New York,* 210 AD2d 645). Miller, J. P., Thompson, Friedmann and Florio, JJ., concur.