■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT YOUNG, Appellant. [632 NYS2d 668] —Peters, J. Appeal (transferred to this Court by order of the Appellate Division, Fourth Department) from a judgment of the Supreme Court (Affronti, J.), rendered July 14, 1994 in Monroe County, convicting defendant following a nonjury trial of the crimes of perjury

in the second degree, making an apparently sworn false statement in the first degree and offering a false instrument for filing in the first degree.

As a result of an investigation by the Attorney-General which revealed defendant's overbilling for Medicaid services between 1985 and 1989, defendant was indicted and subsequently convicted of grand larceny in the fourth degree (one count), offering a false instrument for filing in the first degree (11 counts) and offering a false instrument for filing in the second degree (nine counts). Defendant thereafter filed a *pro se* application for poor person status to perfect his appeal from these convictions.* In his affidavit in support thereof, defendant detailed part-time weekly income of $500, ownership of a $180,000 residence (encumbered by a $150,000 equity mortgage), ownership of a $15,000 BMW vehicle and $200 in cash in the bank, for a total of $45,200 in unencumbered assets. In reality he possessed assets well in excess of those he reported. Although the request was eventually denied, it triggered an indictment sought and obtained by the Attorney-General charging defendant with perjury in the second degree, making an apparently sworn false statement in the first degree and offering a false instrument for filing in the first degree based upon alleged misrepresentations made in defendant's application.

Pretrial motions to dismiss the indictment were made and denied. After a nonjury trial, defendant was convicted and sentenced as a second felony offender to concurrent terms of imprisonment of $1^1/2$ to 3 years. Upon this appeal, defendant alleges that the Attorney-General exceeded his jurisdiction, that there is insufficient evidence to support the crimes charged and that the verdicts are against the weight of the evidence. He further argues that the indictment should have been dismissed in the interest of justice and that Supreme Court erred in sentencing him as a second felony offender.

As noted by Supreme Court, when there is an abuse of the Medicaid reimbursement program, the clear intent of Executive Law § 63 is to provide broad jurisdiction to the Attorney-General to investigate and prosecute "any crime or offense arising out of such investigation or prosecution or both" (Executive Law § 63 [3]; *see, Matter of Landau v Hynes*, 49 NY2d 128, 135). While defendant contends that the filing of an affida-

---

* The application was prepared with the assistance of his attorney but was submitted *pro se*.

vit in support of a request for poor person status has no relation to the Medicaid reimbursement program and therefore does not fall within the ambit of Executive Law § 63 (3), we disagree.

The Court of Appeals clearly enunciated in *People v Eulo* (63 NY2d 341) that "[i]f the term at issue has been judicially defined prior to its use in a statute * * * that definition will be assigned to the term, absent contrary indications" (*supra,* at 354). As noted by Supreme Court, the term "arising out of", in its most common sense, has been defined as originating from, incident to or having connection with (*see, Aetna Cas. & Sur. Co. v Liberty Mut. Ins. Co.,* 91 AD2d 317, 320). Here, defendant's present criminal charges originated from his prosecution in connection with Medicaid fraud. Hence, we conclude, as did Supreme Court, that since the Attorney-General was the proper party to defend the appeal and since the appeal related to the subject matter of the Attorney-General's prosecution, his office was and is authorized to investigate and prosecute the purported perjury committed by defendant in his application for poor person relief.

As to defendant's contention that his convictions for perjury in the second degree and making an apparently sworn false statement in the first degree are not supported by sufficient proof that he actually subscribed a written instrument for which an oath is required (*see,* Penal Law §§ 210.10, 210.40), we find that his failure to properly preserve this issue on appeal precludes our review (*see, People v Gray,* 86 NY2d 10). Further, we find no need to reverse in the interest of justice (*see, People v Thomas,* 47 NY2d 37).

Similarly unavailing is defendant's contention that a false swearing, to be material, must reflect on the matter under consideration. Since his application for poor person relief was ultimately denied upon the information provided, defendant contends that his failure to disclose additional assets was irrelevant. The Court of Appeals, in *People v Stanard* (42 NY2d 74, *cert denied* 434 US 986), reiterated that " '[i]t is not necessary that the false statements should tend directly to prove the issue in order to sustain an indictment. If the matter falsely sworn to is circumstantially material or tends to support and give credit to the witness in respect to the main fact, it is perjury' " (*supra,* at 80, quoting *Wood v People,* 59 NY 117, 123). Here, it is clear that defendant's disclosure of his assets was material to Supreme Court in determining his eligibility for poor person status since, at the time that he submitted his affidavit, he actually had assets well in excess of those

disclosed. Accordingly, "[a] person swearing falsely to a material fact cannot defend himself on the ground that the case did not ultimately rest on the fact to which he swore" (*People v Perna*, 20 AD2d 323, 327).

We find defendant's contention that there was insufficient evidence to prove his intent to mislead or defraud due to his mental impairment meritless. We further conclude that defendant's motions to dismiss the indictment in the interest of justice were properly denied and that he was properly sentenced as a second felony offender. Finally, upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence.

Cardona, P. J., White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the Supreme Court, Monroe County, for further proceedings pursuant to CPL 460.50 (5).