*94 OPINION OF THE COURT
Douglas E. Hoffman, J.
This matter comes before the court upon motion by respondent for an award of attorney’s fees. By decision and order dated October 9, 1998, this court granted respondent’s motion for summary judgment dismissing the instant holdover petition. Based upon paragraphs 18 and 19 of respondent’s lease dated March 5, 1977, respondent moves pursuant to Real Property Law § 234 for an award of attorney’s fees. Section 234 provides for attorney’s fees for a tenant who substantially prevails in defending an action commenced by the landlord based upon the failure of the tenant to perform any covenant or agreement in the lease when the lease would permit a landlord to recover if successful in prosecuting the action.
The instant motion presents a wrinkle in this well-established law in that petitioner commenced this action as a declaratory judgment action in Supreme Court. The Appellate Division, First Department, has held that a tenant is not entitled to attorney’s fees in defending against a declaratory judgment action concerning the tenant’s alleged failure to maintain their apartment as their primary residence. (Kips Bay Towers Assocs. v Yuceoglu, 134 AD2d 164 [1st Dept 1987].) Interpreting the specific attorney’s fees clause in that case, permitting the landlord to collect attorney’s fees if it incurs “an expense Tor the account of Tenant’ by performing an act that should be performed by the tenants under the lease,” the Appellate Division stated that the issue of primary residence clearly did not fall within this definition. (Supra, at 165-166.) In a similar declaratory judgment action based upon alleged nonprimary residence, the Appellate Division denied the prevailing tenants an award of attorney’s fees. (Peck v Wolf, 157 AD2d 535 [1st Dept], Iv denied 75 NY2d 709 [1990].) The Court explained that the case before it was not an action or summary proceeding arising out of a lease of residential property, but was instead a declaratory judgment action seeking a determination that the apartment was not maintained as a primary residence. What was at issue, the Court stated, was primary residence, not a violation of the tenant’s lease obligation. (Supra, at 536.)
In Cier Indus. Co. v Hessen (136 AD2d 145 [1st Dept 1988]), the Appellate Division construed a lease provision permitting attorney’s fees in any proceeding commenced by reason of any default of the tenant under the lease to invoke the reciprocity *95 provisions of Real Property Law § 234 in the context of a non-primary residence summary proceeding {supra, at 147), despite the absence of a lease provision requiring the tenant to occupy the apartment as a primary residence. The Court stated, however, that if there were a different lease provision governing attorney’s fees or if the matter were a declaratory judgment action, the determination as to attorney’s fees could differ. {Supra, at 149, n.) “The determination in any given case will necessarily depend upon the language and scope of the particular clause at issue.” {Supra, at 149, n.)
In the instant case, the lease provisions in question clearly permit a landlord to obtain attorney’s fees based upon a default by the tenant in his lease obligations. The lease expressly provides further that in the case of default “and/or dispossess by summary proceedings or otherwise” (emphasis added), the landlord would be entitled to an award of attorney’s fees. {See, lease para 18.) Based upon the reciprocity provisions of Real Property Law § 234, respondent may obtain legal fees as the prevailing party. Petitioner’s claim that respondent cannot collect legal fees because petitioner originally commenced this proceeding as a declaratory judgment action is unavailing. Reviewing first the substance, as opposed to the form, of the original complaint, petitioner (initially plaintiff) asserted in paragraph 16 that respondent illegally sublet the subject loft in violation of 29 RCNY, chapter 2, § 2-09 (c) (4) (ii) (A) and that respondent consequently is in violation of his leasehold. Although framed in the context of a declaratory judgment action, petitioner sought a declaration that respondent’s breaches of both written and implied lease provisions constituted Honourable grounds for eviction.
By order dated September 3, 1997, Honorable Lorraine Miller, J.S.C., issued an order sua sponte transferring the action to the Housing Part of the Civil Court of the City of New York “as if originally brought therein but subject to provisions of CPLR sec. 325(d).” Justice Miller explained that this matter involved a residential lease subject to the Multiple Dwelling Law and that Civil Court was the appropriate forum in which to resolve this case. As the Civil Court did not have the power to issue a declaratory judgment (Kahn-Velez v Social Servs. Empls. Union Local 371, NYLJ, Apr. 19, 1999, at 28, col 5 [App Term, 1st Dept]), petitioner had the options to appeal Justice Miller’s order, seek retransfer to Supreme Court or to seek to discontinue the case in Civil Court.
Petitioner did not avail itself of any of these options. Once the action was transferred to this court, it became for all *96 intents and purposes, one commenced in this court. (Mears v Chrysler Fin. Corp., 243 AD2d 270 [1st Dept 1997].) As such, the only relief petitioner could obtain from this court was, if factually and legally appropriate, a final judgment of possession and a warrant of eviction, together with ancillary nondeclaratory relief. There is no other relief available to a petitioner in a summary holdover proceeding of this nature.
The parties consciously chose to chart the procedural course of this action when they filed a motion and cross motion for summary judgment. In its cross motion for summary judgment, petitioner expressly alleged that respondent breached its obligations pursuant to the lease and the law by illegally subletting and profiteering. Petitioner specifically sought a final judgment of possession and a warrant of eviction. At this point, the case was no different from any other summary proceeding based upon alleged illegal sublet or profiteering. As in the original complaint, petitioner alleged that respondent took occupancy pursuant to a written rental agreement which is used to calculate the legal rent for the subject loft. Both the complaint and the moving papers alleged that respondent violated the law and impliedly his lease by collecting an amount in excess of the legal rent. The basis for the claim of an illegal sublet is found in the prohibition on subletting set forth in the lease as well as in the prohibition on subletting set forth by statute, incorporated by implication into the lease.
As the parties pursued this action as a summary proceeding based upon breaches of expressed and implied provisions of the lease, and respondent was the prevailing party, respondent is entitled to an award of legal fees. To hold otherwise would effectively eviscerate the Legislature’s intent in enacting Real Property Law § 234 to “redress the recognized inequality at the bargaining table between landlord and tenant, and to protect the public interest involved” (Cier Indus. Co. v Hessen, supra, at 150), and to serve as a restraint and important deterrence to the bringing of frivolous proceedings by landlords (Matter of Duell v Condon, 84 NY2d 773, 780 [1995]; Cier Indus. Co. v Hessen, supra, at 151), merely by a party commencing a summary proceeding in the form of a declaratory judgment action and waiting for it to be transferred to Housing Court. To exalt the form of the original proceeding in this instance over the substance of the original complaint, in light of its subsequent prosecution by both parties as a summary proceeding would impair the policy underlying Real Property Law § 234. Moreover, in the instant case, the broad language of the lease *97 permitted attorney’s fees based upon a default of the lease or dispossess by summary proceedings or otherwise, a phrase indicating that the landlord, and therefore the tenant if the prevailing party, may be able to obtain attorney’s fees even in a declaratory judgment action.
If respondent prevailed in this motion, petitioner sought a stay of an attorney’s fees hearing pending appeal. There is no indication that petitioner has sought to perfect the appeal from this court’s dismissal of the petition a number of months ago. Therefore, a stay of the hearing would not be appropriate.