■ JERULEE Co., Respondent, v RAYMOND SANCHEZ, Appellant, et al., Defendant. [841 NYS2d 242]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered April 11, 2006, which, insofar as appealable, granted plaintiff's cross motion for summary judgment dismissing all of defendant tenant's counterclaims, affirmed, without costs. Appeal from order, same court and Justice, entered May 31, 2005, insofar as it denied the tenant's motion for partial summary judgment on his first and second counterclaims, unanimously dismissed, without costs, as superseded by appeal from the April 11, 2006 order.

In this declaratory judgment action by a landlord seeking rescission of a lease for a rent-stabilized apartment on the ground of fraud and mutual mistake, tenant Sanchez is not entitled to recover attorney's fees from plaintiff for successfully defending the action. Paragraph 20 (B), which gave the tenant the right to recover attorney's fees, specifically incorporates Real Property

---

Law § 234, whereby a tenant's right to such recovery is triggered only after successfully defending against a landlord's action "arising out of the lease" (*see Peck v Wolf*, 157 AD2d 535 [1990], *lv denied* 75 NY2d 709 [1990]). Here, the action was not one to enforce a covenant or obligation of the lease or due to a violation of the lease; rather, it was to rescind the lease due to fraud and mutual mistake. Although the ultimate relief sought was a warrant of eviction, it is not the ultimate relief that determines whether or not a dispute arises out of the lease within the meaning of section 234, as the tenant contends. Rather, it is determined by whether the litigation is based upon a breach of the terms of the lease, which was not the case here.

The motion court properly dismissed the tenant's counterclaim for breach of the covenant of quiet enjoyment when he failed to demonstrate that the landlord's actions resulted in an actual or constructive eviction from the premises. In fact, the tenant remained in full possession of the leased premises at all pertinent times (*see 127 Rest. Corp. v Rose Realty Group, LLC*, 19 AD3d 172 [2005]).

The tenant's counterclaim for harassment was also properly dismissed, as it is well settled that the common law of New York does not recognize such a civil cause of action (*see Hartman v 536/540 E. 5th St. Equities, Inc.*, 19 AD3d 240 [2005]). The statutory and regulatory provisions upon which the tenant relies for a cause of action for harassment are inapplicable to the case at bar.

The tenant has also failed to demonstrate that plaintiff engaged in the type of frivolous conduct defined in 22 NYCRR 130-1.1 that would warrant the imposition of sanctions (*see Nassau County v Incorporated Vil. of Roslyn*, 218 AD2d 688, 690 [1995]). We have considered the tenant's remaining arguments and find them without merit. Concur—Saxe, J.P., Friedman, Sweeny and Malone, JJ.

McGuire, J., concurs in part and dissents in part in a memorandum as follows: In this action the landlord of a residential building sought to rescind the lease it had entered into with its tenant, appellant Sanchez. In its first cause of action landlord sought rescission of the lease on the ground of fraud by the defendants, Sanchez and Nizhny, with whom Sanchez had been residing in another apartment in the same building; the second cause of action sought rescission on the ground of mutual mistake. In addition to rescission, the landlord sought a warrant of eviction. Tenant eventually prevailed when Supreme Court granted his motion for summary judgment dismissing the complaint, and landlord has abandoned its appeal from the or-

der dismissing the complaint. Supreme Court, however, denied that aspect of tenant's motion seeking summary judgment on the issue of liability on its first and second counterclaims, the second of which sought attorneys' fees pursuant to Real Property Law § 234, and granted landlord's subsequent motion for summary judgment dismissing the counterclaims.

The lease includes a provision granting landlord the right to recover attorneys' fees from tenant on account of tenant's failure to perform any covenant or agreement contained in the lease. Accordingly, tenant seeks to recover attorneys' fees from landlord pursuant to the implied covenant of Real Property Law § 234. Under this covenant, tenant is entitled to recover reasonable attorneys' fees and expenses "incurred by the tenant as the result of the failure of the landlord to perform any covenant or agreement on its part to be performed under the lease or in the successful defense of any action or summary proceeding commenced by the landlord against the tenant arising out of the lease."

Obviously, tenant's defense was successful. The issue, accordingly, is whether landlord's action to rescind the lease was one "arising out of the lease." When an action brought by a landlord against a tenant rests on a claim by the landlord that the tenant has violated an obligation under the lease, the action unquestionably is one that "arises under the lease" (*see e.g. Matter of Duell v Condon*, 84 NY2d 773, 782-783 [1995]; *Kuttas v Condon*, 290 AD2d 492, 492-493 [2002]; *Troy v Oberlander*, 146 AD2d 460, 461-462 [1989]). In other words, an allegation by the landlord that the tenant breached the lease is a sufficient condition for the determination that the landlord's action is one that "arises under the lease." But a sufficient condition, of course, is not necessarily a necessary condition. Thus, in *Minick v Park* (217 AD2d 489 [1995]), the landlord did not allege a violation of the lease by the tenant in its action for a judgment declaring that it was entitled to possession of the subject apartment for his own occupancy and ejectment of the tenant. The tenant, however, prevailed in the action because the landlord, by failing to give six months' notice of termination of the lease, had defaulted under the lease (*id.* at 490). For this reason, this Court upheld the tenant's claim to attorneys' fees under Real Property Law § 234 (*id.*).

In my judgment, if an action concerning the legality of a party's conduct under a lease is one that "arises under the lease," so, too, is an action concerning the legality of the lease itself. More than logic supports the conclusion that an action by a landlord against a tenant that has as its central object the re-

scission of the lease and the eviction of the tenant is an action that "arises under the lease." In various contexts, the phrase "arising out of" has been given a broad construction (*see e.g. United States Fire Ins. Co. v New York Mar. & Gen. Ins. Co.*, 268 AD2d 19, 21-22 [2000] ["when used in automobile exclusion clauses, the words 'arising out of the . . . use' are deemed to be broad, general, comprehensive terms ordinarily understood to mean originating from, incident to, or having connection with the use of the vehicle" (citations omitted)]; *People v Young*, 220 AD2d 872, 874 [1995] [construing the term "arising out of" in Executive Law § 63 (3); "the term 'arising out of', in its most common sense, has been defined as originating from, incident to or having connection with" (citation omitted)]). Particularly given the "remedial nature" of Real Property Law § 234 (*Duell*, 84 NY2d at 783), the phrase "arising out of the lease" should be given a similarly broad construction in this context. Moreover, a contrary conclusion based on a narrow construction of the phrase would undermine one of the purposes of Real Property Law § 234. As the Court of Appeals stated in *Duell* (*id.* at 780), "[a]n additional purpose . . . is to discourage landlords from engaging in frivolous litigation in an effort to harass tenants, particularly tenants without the resources to resist legal action, into terminating legal occupancy."

The one case the majority cites holds only that "a declaratory judgment action seeking a determination of whether or not the apartment was maintained as a primary residence" is "not an action . . . arising out of a lease of residential property" (*Peck v Wolf*, 157 AD2d 535, 536 [1990], *lv denied* 75 NY2d 709 [1990]). Even if that holding can be reconciled with the holdings in *Duell* and *Cier Indus. Co. v Hessen* (136 AD2d 145 [1988]), it hardly compels the conclusion that an action to rescind a lease is not an action "arising out of the lease."

For these reasons, I would modify the orders appealed from to the extent of granting tenant's motion for partial summary judgment on his second counterclaim and remanding for a hearing on the amount of attorneys' fees to which he is entitled, and denying landlord's cross motion for summary judgment dismissing the second counterclaim. As I agree with the majority in all other respects, I would otherwise affirm.