◾ Tracey Vanchiro, Respondent, v Powells Cove Owners Corp., Appellant. [23 NYS3d 343]—

In an action, inter alia, to permanently enjoin the defendant cooperative corporation from foreclosing on the plaintiff's shares of stock in the defendant, the defendant appeals from a judgment of the Supreme Court, Queens County (Kitzas, J.), entered June 19, 2014, which, upon a decision, made after a nonjury trial, awarded the plaintiff an attorney's fee and costs and disbursements in the total sum of $3,070, and dismissed its counterclaim for an award of an attorney's fee.

Ordered that the judgment is reversed, on the law, with costs,

the plaintiff's cause of action for an award of an attorney's fee is dismissed, the defendant's counterclaim for an attorney's fee is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a hearing, to be held forthwith, to determine the amount of the attorney's fee to be awarded to the defendant.

The plaintiff, a shareholder in the defendant cooperative corporation, did not pay the maintenance due under her proprietary lease. She contended that she was entitled to an abatement of her maintenance (hereinafter an abatement) because the defendant had not provided adequate hot water to her apartment. When the defendant sought to foreclose on her shares, the plaintiff commenced this action to permanently enjoin the defendant from foreclosing on her shares, for an abatement, and for an award of an attorney's fee under the proprietary lease and Real Property Law § 234. The defendant counterclaimed for an award of an attorney's fee under the proprietary lease. The plaintiff's cause of action for an injunction was dismissed as academic when the plaintiff paid the entire amount due immediately prior to a scheduled auction sale, but she thereafter again stopped paying maintenance, and she pursued her claim for an abatement and for an award of an attorney's fee. As a nonjury trial was about to begin in the Supreme Court, the plaintiff offered to pay all outstanding maintenance and to withdraw her claims for an abatement and for an award of an attorney's fee in exchange for the defendant's agreement to withdraw its counterclaim for award of an attorney's fee. The defendant rejected the offer, and the Supreme Court conducted a trial. During the trial, the plaintiff, in effect, abandoned her cause of action for an abatement. The court, nonetheless, awarded the plaintiff an attorney's fee after the trial. The court reasoned that once the plaintiff tendered the entire amount due, the defendant could not obtain a judgment of possession and, thus, it could not be a "prevailing party." Accordingly, the court said, "[t]here was no need for this trial, it was a complete waste of time." We reverse.

A clause in the proprietary lease provided that the defendant was entitled to recover the expenses it incurred, including an attorney's fee, in instituting or defending an action or proceeding brought by the plaintiff if the plaintiff was in default of the lease. The clause did not limit an award of an attorney's fee to situations in which the defendant sought a judgment of possession. Here, the defendant never sought a judgment of possession, and it was indisputably the prevailing party in defending against the plaintiff's claims (*see 25 E. 83 Corp. v 83rd St. As-*

*soc.*, 213 AD2d 269, 269 [1995]; *cf. Nestor v McDowell*, 81 NY2d 410, 415-416 [1993]). It cannot be said, under the circumstances of this case, that the defendant overreached in rejecting the plaintiff's last-minute offer to withdraw her claims in exchange for its agreement to withdraw its counterclaim for an award of an attorney's fee. The evidence at trial established that the plaintiff repeatedly withheld payment of maintenance in amounts far above what she claimed she was entitled to in abatement, only to pay the entire amount due at the last minute to avoid foreclosure or the trial. Accordingly, the Supreme Court erred in awarding an attorney's fee to the plaintiff, and in dismissing the defendant's counterclaim for an award of an attorney's fee. The defendant is entitled to an award of an attorney's fee and the case should be remitted to the Supreme Court, Queens County, for a hearing to determine the appropriate award (*see 25 E. 83 Corp. v 83rd St. Assoc.*, 213 AD2d at 269). Balkin, J.P., Dickerson, Duffy and LaSalle, JJ., concur.