■ HERBERT ROSE et al., Respondents, v 115 TENANTS CORP., Appellant. [51 NYS3d 875]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered February 25, 2016, which, inter alia, granted plaintiffs' motion for summary judgment and declared that plaintiffs, as owners of a penthouse in a building owned and managed by defendant, are entitled to exclusive use and enjoyment of a portion of the rooftop terrace in accordance with the proprietary lease terms, that defendant is enjoined from interfering with plaintiffs' said exclusive rights to use of the rooftop terrace, and that plaintiffs are entitled to attorneys' fees, and denied defendant's cross motion for summary judgment on the same causes of action, unanimously affirmed, with costs.

The motion court correctly found that the plain language of relevant provisions in the parties' proprietary lease and the offering plan, which included amendments thereto and in particular paragraph 7 of the lease, conveyed to plaintiffs, in language nearly identical to that found in *Gracie Terrace Apt. Corp. v Goldstone* (103 AD2d 699 [1st Dept 1984], *appeal dismissed* 63 NY2d 925 [1984]), an exclusive right to use and enjoy the rooftop terrace to the extent any portion thereof was appurtenant to their penthouse. Defendant's argument that plaintiffs were only granted, at most, an exclusive right to use just 400 square feet of the rooftop terrace appurtenant to their penthouse, citing the 1979 first amendment to the offering plan, is misplaced, as such limitation pertained only to a potential penthouse addition that could be constructed on the open terrace area.

As plaintiffs were the prevailing parties in this action, and inasmuch as the lease contained an attorneys' fee provision, the motion court appropriately granted plaintiffs' request for attorneys' fees (Real Property Law § 234; *Estate of Del Terzo v 33 Fifth Ave. Owners Corp.*, 136 AD3d 486, 490 [1st Dept 2016], *affd* 28 NY3d 1114 [2016]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Richter, Andrias, Feinman and Kahn, JJ. ■