Mulholland v Moret (2018 NY Slip Op 03375)





Mulholland v Moret


2018 NY Slip Op 03375


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2015-11977
 (Index No. 503882/14)

[*1]Evelyn Mulholland, et al., respondents, 
v
Ramon Rivera Moret, et al., appellants.


Mark H. Bierman, New York, NY, for appellants.
Leon I. Behar, P.C., New York, NY, for respondents.



DECISION & ORDER
In an action, inter alia, for a judgment declaring the rights of the parties under a residential lease and for reformation of the lease, the defendants appeal from so much of an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), entered October 28, 2015, as denied that branch of their motion which was for an award of attorney's fees and costs.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the branch of the defendants' motion which was for an award of attorney's fees and costs is granted, and the matter is remitted to the Supreme Court, Kings County, for a hearing, to be held forthwith, to determine the amount of the attorney's fees and costs to be awarded to the defendants.
The plaintiffs, owners of a residential building located in Brooklyn, commenced this action against the defendants, residents of Apartment 1L in the building, for, inter alia, a judgment declaring the parties' rights with respect to use of the backyard, reformation of the lease which provided for exclusive use of the backyard by the defendants, and injunctive relief preventing the defendants from interfering with the plaintiffs' use of the backyard. In the complaint, the plaintiffs alleged that the defendants were in possession of the backyard and had interfered with the plaintiffs' use of it. Following motions by the defendants, the Supreme Court dismissed each of the causes of action asserted by the plaintiffs, declared that the defendants had exclusive use of the backyard pursuant to the lease, and enjoined the plaintiffs from interfering with the defendants' use and enjoyment of the backyard. The defendants, inter alia, moved for an award of attorney's fees and costs pursuant to the lease and/or Real Property Law § 234. The court denied that branch of the
defendants' motion, and the defendants appeal.
Under the circumstances of this case, Real Property Law § 234 does not provide a means for the defendants to recover reasonable attorney's fees and costs. That statute provides that a tenant may be eligible to recover attorney's fees from a landlord in connection with actions or proceedings wherein a breach of the lease is alleged when the governing lease between them requires the tenant to pay the landlord's attorney's fees in such actions or proceedings. In this case, no breach of the lease was alleged. Rather, the plaintiffs sought to reform the lease so as to remove the provision granting the defendants exclusive use of the backyard, and sought prospective declaratory and injunctive relief in that regard. Real Property Law § 234 was, therefore, not applicable (see 191 Chrystie LLC v Ledoux, 82 AD3d 681, 682; Jerulee Co. v Sanchez, 43 AD3d 328, 329; Salvato v St. David's School, 307 AD2d 812, 812-813; see generally Graham Ct. Owners Corp. v Taylor, 24 NY3d 742, 749).
The defendants were, however, entitled to an award of attorney's fees and costs based upon Paragraph 27 of the lease, which provides, "[t]he successful party in a legal action or proceeding between Landlord and Tenant for non-payment of rent or recovery of possession of the Apartment may recover reasonable legal fees and costs from the other party." The lease granted exclusive use of the backyard to the defendants, making it a part of the leased premises, referred to in the lease as the "Apartment" (see Rose v 115 Tenants Corp., 150 AD3d 472; Goldhirsch v St. George Tower & Grill Owners Corp., 142 AD3d 1044, 1046). The plaintiffs, in seeking to reform the lease so as to remove that provision and in seeking declaratory and injunctive relief to permit them to use a portion of the backyard, sought to recover possession of a portion of the leased premises. The defendants became "the successful party" by obtaining dismissal of all causes of action asserted by the plaintiffs against them. The defendants were, therefore, entitled to recover reasonable attorney's fees and costs from the plaintiffs pursuant to Paragraph 27 of the lease (see Vanchiro v Powells Cove Owners Corp., 135 AD3d 851, 853; Allerand, LLC v 233 E. 18th St. Co., L.L.C., 19 AD3d 275, 276; Board of Mgrs. v Lamontanero, 206 AD2d 340, 341).
Although the defendants submitted sufficient evidence of the reasonable value of the legal services rendered and the plaintiffs did not dispute the reasonableness of the requested fees (see Matter of Claydon, 103 AD3d 1051, 1054; Kuttas v Condon, 290 AD2d 492, 493-494), a hearing is necessary to determine the amount of the attorney's fees to be awarded to the defendants since the billing records submitted by the defendants include fees for services performed to recover the fee award, or "fees on fees," recovery of which is not permitted by the lease (see IG Second Generation Partners, L.P. v Kaygreen Realty Co., 114 AD3d 641, 643-644). Accordingly, we remit the matter to the Supreme Court, Kings County for a hearing and determination on the amount of reasonable attorney's fees without the inclusion of legal fees incurred in prosecuting the defendants' motion for an award of attorney's fees and costs.
The plaintiffs' remaining contention is without merit.
CHAMBERS, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court