■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN NEGRON, Appellant. [657 NYS2d 183] —Judgment, Supreme Court, New York County (Sheila Abdus-Salaam, J.), rendered May 11, 1995, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4¹/₂ to 9 years, unanimously affirmed.

The court properly refused to charge the lesser included offense of criminal possession in the seventh degree since there was no reasonable view of the evidence that would permit a finding that defendant committed the lesser but not the greater offense. The observing officer's testimony was integrated and there was no rational basis to reject only that portion which described conduct by defendant unmistakably evincing drug sales *(see, People v Scarborough,* 49 NY2d 364). Concur—Milonas, J. P., Nardelli, Williams and Andrias, JJ.

■ RACHEL SCHWARTZ, Respondent, v TAB OPERATING CO., INC., et al., Appellants. [657 NYS2d 412] —Judgment, Supreme Court, New York County (Karla Moskowitz, J., and a jury), entered April 16, 1996, awarding plaintiff damages in an action for personal injuries sustained as a result of being struck by an automobile, unanimously affirmed, with costs.

The trial court's ruling not to preclude the testimony of plaintiff's expert for noncompliance with CPLR 3101 (d) (1) (i) was a proper exercise of discretion *(see, Lesser v Lacher,* 203 AD2d 181), where such testimony was limited to what was contained in the expert's records that defendants could have obtained well before trial, having been furnished with authorizations therefor. Thus, defendants could have been surprised or otherwise prejudiced only because they did not avail themselves of such authorizations. Nor do we find reversible error in the trial court's permitting this expert to testify that the accident in question was the cause of plaintiff's injury and that the injury was the cause of her symptomology *(cf., Edgewater Apts. v Flynn,* 216 AD2d 53, 55). We have considered defendants' remaining arguments and find them to be without merit. Concur—Milonas, J. P., Nardelli, Williams and Andrias, JJ.