■ ROBERT E. STEVENS, Respondent, v HELEN S. BROWN, Appellant. (Appeal No. 1.) [672 NYS2d 194] —Judgment unanimously affirmed with costs. Memorandum: We reject defendant's contention that Supreme Court erred in permitting plaintiff to amend the ad damnum clause after the insurer advised plaintiff that the amount of defendant's insurance coverage was $1,000,000 more than the figure it had originally given. The court properly exercised its discretion in allowing the amendment given the earlier unexplained failure of the insurer to disclose the correct extent of defendant's coverage and the absence of prejudice to defendant (*see, Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23, *rearg denied* 55 NY2d 801; *Finn v Crystal Beach Tr. Co.* [appeal No. 2], 55 AD2d 1001).

The court properly admitted the testimony of plaintiff's wife concerning the extent of the injuries sustained by plaintiff and their effect on his enjoyment of life. Although the court denied plaintiff's motion to add a claim for loss of consortium, the testimony of plaintiff's wife was relevant and material concerning plaintiff's injuries, and defendant failed to show prejudice.

The court did not err in refusing defendant's request to admit into evidence certain preaccident medical records concerning plaintiff on the ground that the documents were not irrelevant to the issues at trial. The fact that plaintiff had, during one office visit, complained of fatigue, including low back pain, with no diagnosis concerning causation, did not have a tendency to prove that plaintiff had a preexisting back injury. In addition, the fact that plaintiff had been treated for testicular trauma due to an accidental kick by a child was irrelevant to plaintiff's postaccident sexual problems, which plaintiff testified resulted from limitation of movement due to the severity of his back pain.

Defendant further contends that the court erred in allowing plaintiff's physical and occupational therapists to testify despite plaintiff's lack of compliance with disclosure demands and that the court compounded the error by allowing them to testify beyond the limits it had placed on their testimony. We disagree. The court properly allowed the occupational therapist to testify as an expert solely concerning a job ready study of plaintiff that she had prepared and that had been disclosed to defendant more than six months before trial; that testimony did not violate the court's ruling that plaintiff was barred from presenting the occupational therapist as a general expert witness based upon plaintiff's failure to make a timely disclosure. "[T]he court has broad discretionary powers in applying" CPLR 3101 (d) (1) (i) (*Peck v Tired Iron Transp.*, 209 AD2d 979; *see also, Schwartz v Tab Operating Co.*, 239 AD2d 244). Further, the court placed appropriate restrictions on the testimony of the three physical therapists, refusing to allow them to testify as experts (*see, Putchlawski v Diaz*, 192 AD2d 444, 445, *lv denied* 82 NY2d 654).

The court properly denied defendant's request for a missing witness charge with respect to two of plaintiff's examining physicians because "any testimony that [those physicians] might have been expected to give was already before the jury through medical reports and other expert testimony" (*Belmont v Palm Beach Club*, 244 AD2d 904, 906; *see also, Austin v Knowlton*, 234 AD2d 918). Defendant's further contention that the court erred in giving a missing witness charge with respect to one of defendant's witnesses who was not called to testify is not preserved for our review (*see, Pelleschi v City of Rochester*, 198 AD2d 762, *lv denied* 83 NY2d 752).

Defendant also contends that the court mishandled a reference to insurance during trial. When defense counsel asked one of plaintiff's doctors whether in diagnosing plaintiff it might

have been helpful for him to have examined the condition of the vehicles involved in the accident, the doctor answered, "No. I'm not an insurance salesman". The comment does not indicate that either party had insurance, and, in any event, the court ordered that the comment be stricken.

Defendant contends that, by refusing her request for a charge on the elements of a "serious injury" pursuant to Insurance Law § 5102 (d), the court in effect improperly directed a verdict in plaintiff's favor on the issue of serious injury. We disagree with the court's ruling on defendant's posttrial motion that defendant had conceded the existence of a serious injury merely by failing to introduce any medical evidence. We conclude, however, that, by failing to object to the charge as given, defendant failed to preserve for our review her contention concerning the charge (see, CPLR 5501 [a] [3]). Further, because defendant failed to object to the verdict sheet, any issue concerning its language is also unpreserved for our review. (Appeal from Judgment of Supreme Court, Oneida County, Buckley, J.—Negligence.) Present—Pine, J. P., Wisner, Callahan, Balio and Fallon, JJ.