■ STANLEY RADISH, Appellant, v DeGRAFF MEMORIAL HOSPITAL et al., Respondents. (Appeal No. 1.) [738 NYS2d 780] —Ap-

peal from a judgment of Supreme Court, Erie County (Whelan, J.), entered November 3, 2000, upon a jury verdict in favor of defendants.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff appeals from a judgment entered upon a jury verdict in favor of defendants. Plaintiff commenced this action alleging that he sustained a herniated disc that required surgery when his friend, a patient at defendant hospital, fell onto plaintiff while attempting to move from his bed to a chair. Plaintiff's friend, who was recovering from dental surgery, was not assisted by defendant nurse, who was present in the hospital room. The jury found that defendants were negligent but that their negligence was not a proximate cause of plaintiff's injuries.

We reject plaintiff's contention that the verdict is against the weight of the evidence. Plaintiff presented the testimony of two physicians, each of whom testified that, although plaintiff had a long history of back pain and degenerative arthritis in his lower back, the disc herniation resulted from the trauma that occurred when his nearly 400-pound friend grabbed plaintiff's shoulders to prevent himself from falling. Defendants presented the testimony of defendant nurse, who testified that plaintiff's friend grabbed plaintiff's arm but did not fall onto plaintiff. Defendants also presented the testimony of a physician who testified that plaintiff did not sustain a disc herniation in the incident but instead suffered from calcification, the result of a long degenerative process consistent with plaintiff's age, obesity and history of back problems that began with an injury in 1978. "Where both sides present expert testimony in support of their respective positions, it is for the jury to decide which expert's testimony is more credible" (*Cavlin v New York Med. Group,* 286 AD2d 469, 471), and here the verdict "was based upon a fair interpretation of the evidence" (*Barresi v Kapr,* 226 AD2d 1074, *appeal dismissed* 88 NY2d 1005; *see, Nicastro v Park,* 113 AD2d 129, 134-135). We have considered plaintiff's remaining contentions and conclude that any errors regarding evidentiary rulings were not so egregious as to require reversal. Present—Pine, J.P., Scudder, Kehoe, Burns and Gorski, JJ.