PAUL J. PAWLACZYK et al., Appellants, v ALLISON W. JONES et al., Respondents. (Appeal No. 1.) [809 NYS2d 737]—

Appeal from a judgment of the Supreme Court, Genesee County (Kevin M. Dillon, J.), entered December 3, 2004. The judgment, entered upon a jury verdict, dismissed the complaint and awarded defendants costs and disbursements.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover for an allegedly serious injury sustained by Paul J. Pawlaczyk (plaintiff) as a result of a motor vehicle accident that previously was determined to have been the fault of defendants. Plaintiffs appeal from a judgment dismissing the complaint upon a jury finding that plaintiff had not sustained a serious injury as a result of the accident. They contend that they are entitled to judgment notwithstanding the verdict based on what they characterize as uncontroverted evidence that plaintiff sustained a significant limitation of use of his lumbar spine as a result of the accident. We reject that contention. Given the conflicting testimony of plaintiffs' experts and defendants' experts both on the issues of serious injury and causation, we conclude that this is not an instance in which plaintiffs are "entitled to judgment as a matter of law" (CPLR 4404 [a]), i.e., it cannot be said that there is "no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *see generally Krakinowski v New York City Tr. Auth.*, 18 AD3d 443 [2005]; *Nicastro v Park*, 113 AD2d 129, 132 [1985]). Plaintiffs' remaining contention relies on impermissible efforts by the jurors to impeach their own verdict and thus also is lacking in merit (*see generally Alford v Sventek*, 53 NY2d 743, 744 [1981]; *Hoffman v Domenico Bus Serv.*, 183 AD2d 807 [1992]; *Copeland v Town of Amboy*, 152 AD2d 911, 912 [1989]; *Lundgren v Mc-Colgin*, 96 AD2d 706 [1983]). Present—Scudder, J.P., Kehoe, Martoche, Smith and Pine, JJ.