■ ANGELA CHRISTOPHER, Appellant, et al., Plaintiff, v BOM DOKKO, D.D.S., Respondent, et al., Defendant. (Appeal No. 3.) [865 NYS2d 185]—

Appeal from a judgment of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered April 10, 2007 in a dental malpractice action. The judgment, inter alia, dismissed the complaint against defendant Bom Dokko, D.D.S. upon a jury verdict of no cause of action.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Angela Christopher (plaintiff) as the alleged result of a biopsy of nerve tissue by defendant

Bom Dokko, D.D.S. (defendant). Following a jury trial, at which plaintiff husband's derivative cause of action was discontinued, the jury found that defendant was not negligent, and Supreme Court denied plaintiff's motion to set aside the verdict in favor of defendant and for a new trial as against the weight of the evidence or in the interest of justice. We reject plaintiff's contention that the court erred in refusing to set aside the verdict as against the weight of the evidence. Because both sides presented expert testimony with respect to whether defendant deviated from accepted dental care standards by performing a biopsy in the vicinity of the mental nerve and by the manner in which he performed the biopsy, it was for the jury to determine which expert's testimony was more credible (see *Radish v DeGraff Mem. Hosp.,* 291 AD2d 873 [2002]). We conclude that the evidence does not so preponderate in favor of plaintiff that the verdict could not have been reached on any fair interpretation of the evidence (see generally *Lolik v Big V Supermarkets,* 86 NY2d 744, 746 [1995]; *Barton v Youmans,* 24 AD3d 1192 [2005]).

Contrary to plaintiff's further contention, the court did not err in refusing to set aside the verdict and to grant a new trial in the interest of justice. We cannot agree with plaintiff that the court committed numerous errors warranting that relief (see generally *Stevens v Atwal* [appeal No. 2], 30 AD3d 993, 994 [2006]). Plaintiff first contends that the court erred in refusing to limit the testimony of defendant's two medical experts to the findings and conclusions set forth in their original medical reports inasmuch as defendant provided plaintiff with the amended or supplemental reports only 20 days prior to the commencement of trial. We reject that contention. Pursuant to 22 NYCRR 202.17 (h), a trial court may allow examining medical experts to testify concerning their findings and opinions not timely provided to an adverse party "in the interests of justice and upon a showing of good cause." "The 'interest[s] of justice and good cause' requirement is concerned less with the excuse offered for the failure timely to serve the report than it is with a party's need for the medical proof, the availability of alternate sources and the adverse party's preparedness to cross-examine with respect to the evidence based on the newly furnished report" (*McDougald v Garber,* 135 AD2d 80, 94 [1988], *mod on other grounds* 73 NY2d 246 [1989]). Here, plaintiff does not contend that her preparedness to cross-examine those experts was affected by the delay, nor does she contend that she otherwise was prejudiced as a result of the delay.

Also contrary to the contention of plaintiff, the court properly refused to allow her to call a pathologist as an additional expert

witness in order to address the anticipated testimony of defendant's two medical experts. The court had limited the testimony of defendant's two medical experts in a manner that rendered the pathologist's testimony irrelevant. We conclude in any event that, even assuming, arguendo, that the court erred in refusing to allow plaintiff to present the additional expert testimony, the error is harmless. The proposed testimony concerned the issue of causation, and causation was not at issue inasmuch as the jury found that defendant was not negligent.

We also reject plaintiff's contention that the court erred in allowing defendants to introduce evidence of plaintiff's past dental treatment and use of narcotic pain medication with respect to that treatment. Contrary to plaintiff's contention, that evidence was indeed relevant. Plaintiff's medical history was admissible to the extent that it was relevant to the diagnosis and treatment of plaintiff (*see Passino v DeRosa,* 199 AD2d 1017 [1993]; *cf. Stevens v Brown,* 249 AD2d 909, 910 [1998]) and her medical expert testified that he was unaware of her prior dental history and that knowledge thereof, including her use of narcotic pain medications, would have been significant to him in diagnosing the cause of plaintiff's facial complaints. In addition, one of defendant's medical experts testified that the significant dental history of plaintiff, including her use of narcotic pain medications, caused him to change his opinion with respect to causation. Finally, we reject the contention of plaintiff that the court abused its discretion in denying her request for a missing witness charge with respect to a pathologist with whom defendant had consulted. The testimony of that pathologist would have been cumulative, inasmuch as that pathologist was in agreement with the pathology report concerning plaintiff's biopsy that already was in evidence (*see LaForte v Tiedemann,* 41 AD3d 1191, 1192-1193 [2007]). Present—Scudder, P.J., Hurlbutt, Martoche, Smith and Lunn, JJ.