■ 191 CHRYSTIE LLC, Appellant-Respondent, v BARRY LE-DOUX, Also Known as BARRY SONNIER, Respondent-Appellant. [920 NYS2d 324]—

The law of the case doctrine "is inapplicable where, as here, a summary judgment motion follows a motion to dismiss" (*see Riddick v City of New York*, 4 AD3d 242, 245 [2004]). Our holding in relation to the prior motion to dismiss was based on the facts and law presented by the parties in that procedural posture, and no more. Supreme Court correctly held that 29 RCNY 2-09 (b) (3) (i) governs, as between prime tenant and landlord, the determination of "covered" status under the Loft Law (*see Matter of 97 Wooster Corp. v New York City Loft Bd.*, 56 AD3d 331, 332 [2008]). We agree that defendant met his prima facie burden of demonstrating that he satisfied the criteria set forth in such rule. In opposition, plaintiff failed to raise a triable issue of fact. Accordingly, the cross motion for summary judgment was properly granted on the first counterclaim.

Notwithstanding that defendant is entitled to covered occupant status, the motion's court granting of any declaratory relief to nonparty Ms. Cardet, albeit in a footnote, was improper and premature because defendant, in his answer, did not counterclaim for any relief with respect to Cardet. Moreover, pursuant to 29 RCNY 2-08.1 (c), succession rights arise after the protected tenant has permanently vacated.

Defendant's cross appeal seeking summary judgment on his second counterclaim for attorney's fees under Real Property Law § 234 is rejected. Real Property Law § 234 has no application in this declaratory judgment action, even if possession could have been awarded to the plaintiff, as plaintiff does not base its right on violation of a lease term by tenant (*see Jerulee Co. v Sanchez*, 43 AD3d 328, 329 [2007] ["it is not the ultimate relief that determines whether or not a dispute arises out of the lease within the meaning of section 234, as the tenant contends. Rather, it is determined by whether the litigation is based upon a breach of the terms of the lease, which was not the case here"], *lv denied* 9 NY3d 815 [2007]; *J.D. Realty Assoc. v*

*Shanley*, 288 AD2d 27, 28 [2001]). In any event, the lease, which expired in 1983, was not included in the record of this appeal. Thus it was never established that the lease provided for an award of attorney fees to the plaintiff thereby triggering the applicability of Real Property Law § 234.

In light of the foregoing, we need not reach the parties' remaining contentions. Concur—Andrias J.P., Catterson, Moskowitz, Abdus-Salaam and Román, JJ. **[Prior Case History: 26 Misc 3d 1204(A), 2009 NY Slip Op 52661(U).]**