# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**758**

**CA 11-00246**

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, GREEN, AND GORSKI, JJ.

---

DANIEL MARTINEZ, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

PADDOCK CHEVROLET, INC., DEFENDANT-RESPONDENT.

---

CELLINO & BARNES, P.C., BUFFALO (GREGORY V. PAJAK OF COUNSEL), FOR PLAINTIFF-APPELLANT.

SUGARMAN LAW FIRM, LLP, SYRACUSE (TIMOTHY J. PERRY OF COUNSEL), FOR DEFENDANT-RESPONDENT.

-----------------------------------------------------------------------------------------

    Appeal from a judgment of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered July 19, 2010 in a personal injury action. The judgment dismissed the complaint upon a jury verdict of no cause of action.

    It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

    Memorandum: Plaintiff appeals from a judgment dismissing his complaint in this personal injury action entered upon a jury verdict of no cause of action. The action arises from an automobile accident allegedly caused by faulty brakes in plaintiff's vehicle. Plaintiff had purchased the used vehicle from defendant approximately seven weeks prior to the accident and, according to plaintiff, defendant serviced the vehicle's brakes 10 days before the accident based on plaintiff's complaints about the brakes. The complaint, as amplified by the bill of particulars, alleged that defendant negligently inspected the vehicle upon sale and thereafter negligently repaired the vehicle's brakes.

    Plaintiff contends that Supreme Court erred in giving an adverse inference charge at trial based upon plaintiff's failure to preserve the vehicle following the accident so that it could be inspected by defendant. We reject that contention. The vehicle was repossessed while at the collision shop for at least one month after the accident because plaintiff failed to make monthly payments to his lender. "New York courts . . . possess broad discretion to provide proportionate relief to the party deprived of . . . lost evidence, such as precluding proof favorable to the spoliator to restore balance to the litigation, requiring the spoliator to pay costs to the injured party associated with the development of replacement evidence, or employing an adverse inference instruction at the trial of the action" (*Ortega v*

*City of New York*, 9 NY3d 69, 76), "and an imposition of sanctions will not be disturbed [a]bsent a clear abuse of discretion" (*Merrill v Elmira Hgts. Cent. School Dist.*, 77 AD3d 1165, 1166 [internal quotation marks omitted]).  Here, we perceive no abuse of the court's discretion in giving an adverse inference charge.  While the vehicle was still in plaintiff's control at the collision shop following the accident, plaintiff contacted an attorney, thus indicating an awareness that the vehicle may be needed for litigation.  Although plaintiff preserved the vehicle's rear brake hose, he failed to preserve the sway bar, which he claimed was defective.  Moreover, as plaintiff's expert witness acknowledged, the photograph of the vehicle's brake line and sway bar admitted in evidence at trial was taken at the collision shop while the vehicle was lifted, which altered the positioning of the brake line and the sway bar and the space between them.  In addition, defendant's expert testified that the photograph did not provide any indication of depth.  We thus agree with the court that the photograph was not an adequate substitute either for the vehicle itself or for the sway bar, warranting the adverse inference charge.

Plaintiff further contends that the Honorable Timothy J. Walker, who was serving as an Acting Supreme Court Justice (hereafter, trial court), was precluded from giving an adverse inference charge because Justice Michalek had previously denied defendant's pretrial motion to dismiss the complaint on spoliation grounds.  In denying the pretrial motion, Justice Michalek stated in his oral decision that, inter alia, defendant had not "demonstrated any prejudice."  According to plaintiff, that ruling constituted the law of the case and barred the trial court from granting defendant's request for an adverse inference charge.  We reject that contention.  "The doctrine of law of the case applies to the same question in the same case" (*Tillman v Women's Christian Assn. Hosp.*, 272 AD2d 979, 980 [internal quotation marks omitted]), and whether dismissal is warranted on spoliation grounds is not the "same question" as whether an adverse inference charge at trial is appropriate (*id.*).  Indeed, the pretrial ruling that dismissal was not warranted on spoliation grounds "was based on the facts and law presented by the parties in that procedural posture, and no more" (*191 Chrystie LLC v Ledoux*, 82 AD3d 681, 682), and that pretrial ruling did not bar the trial court from determining at a subsequent juncture of the litigation that a lesser sanction was appropriate (*see e.g. Rodriguez v 551 Realty LLC*, 35 AD3d 221).  Nor does the doctrine of law of the case apply to the pretrial determination of Justice Michalek that defendant failed to demonstrate prejudice, inasmuch as the trial court's determination to the contrary was based on further evidence developed at trial, including the testimony of the expert witnesses (*see 191 Chrystie LLC*, 82 AD3d at 682).

We agree with plaintiff that the court erred in admitting in evidence a document from his employment file because it contained double hearsay and did not fall within an exception to the hearsay rule (*see generally Huff v Rodriguez*, 45 AD3d 1430, 1431-1432; *State Farm Mut. Auto. Ins. Co. v Langan*, 18 AD3d 860, 862-863).  We conclude, however, that such error is harmless inasmuch as the hearsay

statements did not bear on the issue of defendant's negligence (*see Christopher v Coach Leasing, Inc.*, 66 AD3d 1522; *Evans v Newark-Wayne Community Hosp., Inc.*, 35 AD2d 1071). Finally, plaintiff's contention that the court erred in admitting evidence of his post-accident drug use is raised for the first time on appeal and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

Entered:  June 17, 2011                        Patricia L. Morgan
                                               Clerk of the Court