■ ALBINA DARZIMANOVA, Plaintiff, v BERNARD LE CLERE, Defendant, and Third-Party Plaintiff-Respondent. MV PUBLIC TRANSPORTATION, INC., et al., Third-Party Defendants-Appellants, et al., Third-Party Defendant. [996 NYS2d 230]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered November 15, 2013, which denied third-party defendants' pre-answer motion to dismiss the third-party complaint, unanimously affirmed, without costs.

The third-party defendants (appellants) were originally named as defendants, along with third-party plaintiff Le Clere, in the main action, which alleges that plaintiff, a passenger in the access-a-ride vehicle owned and operated by the various appellants, was injured when the vehicle collided with Le Clere's on the Westside Highway in New York County. Supreme Court previously granted appellants' pre-answer CPLR 3211 (a) (7)

motion to dismiss the complaint as against them for failure to state a cause of action, based on the complaint's failure to allege any specific negligence on the part of appellants or their driver. However, as appellants had moved before issue was joined by Le Clere, the court expressly stated that it granted the motion in the absence of any evidence of cross claims asserted by Le Clere against the moving appellants. Hence, the action was severed and continued only against Le Clere.

During the pendency of the previous motion, but unbeknownst to the court, Le Clere answered the complaint, and asserted cross claims against appellants, alleging that the accident was caused due to the negligence of their driver. After the court granted appellants' first dismissal motion, Le Clere commenced a third-party action against appellants, asserting a claim for contribution. Appellants moved to dismiss the third-party complaint on the ground that law of the case mandated its dismissal.

Even assuming the law of the case doctrine is applicable there was no identity of issue in the two motions, and the motion court properly found that its "holding in relation to the prior motion to dismiss was based on the facts and law presented by the parties in that procedural posture, and no more" (*191 Chrystie LLC v Ledoux*, 82 AD3d 681, 682 [1st Dept 2011]). Le Clere's claim for contribution from appellants is not dependent upon their direct liability towards plaintiff, but is instead based on appellants' purported duty owed directly to him, which may have had a part in causing or augmenting the injury for which contribution is sought (*see Sommer v Federal Signal Corp.*, 79 NY2d 540, 558-559 [1992]; *Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.*, 71 NY2d 599, 603 [1988]). Concur—Sweeny, J.P., Andrias, Saxe, Richter and Feinman, JJ.