# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1189**
**CA 13-02248**
PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

ANTONIO TALLARICO, AN INFANT, BY AND THROUGH
DOMINIC TALLARICO AND MARY TALLARICO, HIS
PARENTS AND NATURAL GUARDIANS, AND DOMINIC
TALLARICO AND MARY TALLARICO, INDIVIDUALLY,
PLAINTIFFS-RESPONDENTS,

V                                        MEMORANDUM AND ORDER

JAYASELVI KOLLI, M.D., DEFENDANT,
AND NIAGARA FALLS MEMORIAL MEDICAL CENTER,
DEFENDANT-APPELLANT.

---

FAGER AMSLER & KELLER L.L.P., LATHAM (NANCY E. MAY-SKINNER OF
COUNSEL), FOR DEFENDANT-APPELLANT.

DEMPSEY & DEMPSEY, BUFFALO (HELEN KANEY DEMPSEY OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Niagara County
(Catherine R. Nugent Panepinto, J.), entered September 25, 2013. The
order, insofar as appealed from, granted that part of the motion of
plaintiffs seeking to set aside a verdict with respect to defendant
Niagara Falls Memorial Medical Center.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs, the posttrial motion is
denied in its entirety and the verdict with respect to defendant
Niagara Falls Memorial Medical Center is reinstated.

Memorandum: Plaintiffs, individually and on behalf of their son,
commenced this medical malpractice action seeking damages for injuries
allegedly sustained by the child during labor and delivery. After a
trial, the jury rendered a verdict in favor of defendants, finding
that defendant Jayaselvi Kolli, M.D. was not negligent and that
defendant Niagara Falls Memorial Medical Center (hospital) was
negligent, but that its negligence was not a proximate cause of the
child's injuries. Supreme Court subsequently granted in part
plaintiffs' posttrial motion to set aside the verdict as against the
weight of the evidence by setting aside the verdict in favor of the
hospital and ordering a new trial on the issue of proximate cause. We
agree with the hospital that the court erred in granting in part
plaintiffs' posttrial motion, and we therefore reverse the order
insofar as appealed from, deny the posttrial motion in its entirety,
and reinstate the verdict with respect to the hospital.

     "A verdict rendered in favor of a defendant may be successfully challenged as against the weight of the evidence only when the evidence so preponderated in favor of the plaintiff[s] that it could not have been reached on any fair interpretation of the evidence" (*Krieger v McDonald's Rest. of N.Y., Inc.*, 79 AD3d 1827, 1828, *lv dismissed* 17 NY3d 734 [internal quotation marks omitted]).  We conclude that there is a fair interpretation of the evidence pursuant to which the jury could have found that the labor and delivery nurses employed by the hospital were negligent, but that their negligence did not proximately cause the child's injuries.  Defendants' expert testified that the child's injuries occurred in utero, no earlier than a week before delivery and, thus, that any negligence on the part of the hospital nurses did not cause or contribute to his injuries.  The court improperly invaded the jury's province in rejecting that opinion and accepting the contrary opinion of the child's treating physician (*see Reilly v Ninia*, 81 AD3d 913, 915; *Barton v Youmans*, 24 AD3d 1192, 1192).  Contrary to the court's determination, we conclude that the opinion of defendants' expert was neither speculative (*cf. Vergara v Scripps Howard*, 261 AD2d 302, 307, *lv denied* 94 NY2d 757), nor contrary to the evidence (*cf. Persaud v City of New York*, 307 AD2d 346, 347, *lv denied* 1 NY3d 502).  "Indeed, this trial presented a classic battle of the experts on the determinative issue of causation" (*Russell v City of Buffalo*, 34 AD3d 1291, 1293), and it was for the jury to decide which expert was more credible (*see Radish v DeGraff Mem. Hosp.*, 291 AD2d 873, 874).

Entered:  November 21, 2014                    Frances E. Cafarell
                                               Clerk of the Court