SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

956
CA 15-00430
PRESENT: SMITH, J.P., CARNI, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

RACHEL REGDOS, PLAINTIFF-RESPONDENT,

V                                                         MEMORANDUM AND ORDER

CITY OF BUFFALO, CITY OF BUFFALO POLICE
DEPARTMENT AND POLICE OFFICER DEANNA FERA,
DEFENDANTS-APPELLANTS.

---

TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (DAVID M. LEE OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County
(Frederick J. Marshall, J.), entered March 3, 2015 in a personal
injury action. The interlocutory judgment apportioned fault between
plaintiff and defendant Police Officer Deanna Fera on the issue of
liability.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages
for injuries she allegedly sustained when the vehicle she was driving
was struck by a police vehicle driven by defendant Police Officer
Deanna Fera (Officer Fera), who was employed by defendant City of
Buffalo Police Department. Following the liability phase of a
bifurcated trial, the jury rendered a verdict apportioning liability
45% to plaintiff and 55% to Officer Fera, and defendants appeal from
the interlocutory judgment entered thereon.

We agree with plaintiff that Supreme Court properly denied that
part of defendants' motion to set aside the verdict and for judgment
notwithstanding the verdict (*see* CPLR 4404 [a]). Inasmuch as it
cannot be said that there is "no valid line of reasoning and
permissible inferences which could possibly lead rational [persons] to
the conclusion reached by the jury on the basis of the evidence
presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499; *see*
*Pawlaczyk v Jones*, 26 AD3d 822, 823, *lv denied* 7 NY3d 701), defendants
are not "entitled to judgment as a matter of law" (CPLR 4404 [a]).
Contrary to defendants' contention, we conclude that the jury could
have rationally determined that the combination of, inter alia,
Officer Fera's excessive speed, her failure to activate the emergency

lights and siren and slow down or brake as she approached plaintiff's vehicle from behind, plaintiff's timely and appropriate engagement of her left turn signal, and Officer Fera's attempt to pass plaintiff's vehicle on the left on the wrong side of the street at a city intersection constituted "reckless disregard for the safety of others" (Vehicle and Traffic Law § 1104 [e]; *see Corallo v Martino*, 58 AD3d 792, 792-793).

Defendants further contend that, because the jury assigned some fault to plaintiff, the jury necessarily concluded that Officer Fera had activated the emergency lights and siren on her vehicle prior to the accident and that plaintiff was negligent because she failed to comply with Vehicle and Traffic Law § 1144 (a) by yielding the right-of-way to Officer Fera's emergency police vehicle (*see* PJI 2:26).  We reject that contention.  In addition to charging the jury that the failure to comply with Vehicle and Traffic Law § 1144 (a) constitutes negligence, the court charged the jury concerning the general duty of drivers toward other motorists (*see* PJI 2:77, 2:77.1).  Thus, the jury was not limited to a violation of Vehicle and Traffic Law § 1144 (a) as a basis for finding plaintiff negligent.  The jury could have rationally concluded that, although Officer Fera had not activated her emergency lights or siren, plaintiff nonetheless "did not observe that which was there to be seen" and was "negligent in failing to look or in not looking carefully" (PJI 2:77.1).

Entered:  October 9, 2015                    Frances E. Cafarell
                                            Clerk of the Court