# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1337
CA 14-01184
PRESENT: SCUDDER, P.J., SMITH, VALENTINO, AND DEJOSEPH, JJ.

---

JEROME S. DENNIS, PLAINTIFF-APPELLANT,

                    V                                    MEMORANDUM AND ORDER

CLARKE E. MASSEY, NIAGARA FRONTIER
TRANSPORTATION AUTHORITY, NFTA METRO BUS,
AND NFT METRO SYSTEM, INC., ALSO KNOWN AS
NIAGARA FRONTIER TRANSIT METRO SYSTEM, INC.,
DEFENDANTS-RESPONDENTS.
(APPEAL NO. 1.)

---

GELBER & O'CONNELL, LLC, AMHERST (TIMOTHY G. O'CONNELL OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

DAVID J. STATE, GENERAL COUNSEL, BUFFALO (VICKY-MARIE J. BRUNETTE OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

     Appeal from a judgment of the Supreme Court, Erie County (Patrick
H. NeMoyer, J.), entered March 25, 2014.  The judgment was entered in
favor of defendants as against plaintiff and awarded defendants costs
and disbursements.

     It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

     Memorandum:  Plaintiff commenced this action seeking damages for
injuries he allegedly sustained in a motor vehicle accident.  He
appeals from a judgment dismissing the complaint upon a jury verdict
finding that he did not sustain a serious injury within the meaning of
Insurance Law § 5102 (d) as the result of the accident.

     Contrary to plaintiff's contention, Supreme Court properly denied
his motions for a directed verdict, for judgment notwithstanding the
verdict, and to set aside the verdict as against the weight of the
evidence.  With respect to plaintiff's first two contentions, "[g]iven
the conflicting testimony of plaintiff['s] experts and defendants'
expert[] both on the issues of serious injury and causation, we
conclude that this is not an instance in which plaintiff[ is]
'entitled to judgment as a matter of law' " (*Pawlaczyk v Jones*, 26
AD3d 822, 823, *lv denied* 7 NY3d 701, quoting CPLR 4404 [a]; *see Regdos
v City of Buffalo*, 132 AD3d 1343, 1343), because it cannot be said
that there is "simply no valid line of reasoning and permissible
inferences which could possibly lead rational [persons] to the
conclusion reached by the jury on the basis of the evidence presented

at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499).  To the contrary, "there is a rational process by which the jury could have found that defendant[s'] negligence was not a substantial factor in causing plaintiff's alleged injuries" (*Bennice v Randall*, 71 AD3d 1454, 1455).

The court also properly denied plaintiff's motion to set aside the verdict as against the weight of the evidence.  Plaintiff failed to establish that the evidence so preponderated in his favor that the verdict "could not have been reached on any fair interpretation of the evidence" (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [internal quotation marks omitted]; *see Schley v Steffans*, 79 AD3d 1753, 1754; *Cummings v Jiayan Gu*, 42 AD3d 920, 922).  Although plaintiff presented evidence that he sustained a serious injury with respect to his neck and lumbar spine, we note that "the conflicting medical expert testimony 'raised issues of credibility for the jury to determine' " (*Campo v Neary*, 52 AD3d 1194, 1198; *see generally Tallarico v Kolli*, 122 AD3d 1409, 1410; *Barton v Youmans*, 24 AD3d 1192, 1192).  Furthermore, plaintiff presented only his testimony on the issue whether he sustained a serious injury within the meaning of the 90/180-day category (*see* Insurance Law § 5102 [d]), and "plaintiff's credibility was also an issue for the jury" (*Salisbury v Christian*, 68 AD3d 1664, 1665).  "[A] plaintiff may of course be impeached by his or her own testimony" (*id.*) and, based on the factors negatively impacting plaintiff's credibility, we conclude that the verdict was not contrary to the weight of the evidence.

Contrary to plaintiff's final contention, the court properly denied his motion to set aside the verdict and for a new trial in the interest of justice where, as here, "there is no evidence that substantial justice has not been done" (*Danieu v 109 S. Union St., LLC*, 56 AD3d 1292, 1293, *lv denied* 12 NY3d 710 [internal quotation marks omitted]).  In his motion to set aside the verdict and on appeal, he contends that he was deprived of a fair trial by statements made by defendants' attorney during summations, and by the court's failure to give a PJI 2:305 instruction to the jury.  Even assuming, arguendo, that plaintiff preserved for our review his contention with respect to the statements of defendants' attorney on summation, we conclude that the majority of the statements were proper, and any impropriety that may have occurred was not so prejudicial as to deprive plaintiff of a fair trial (*see Guthrie v Overmyer*, 19 AD3d 1169, 1171; *cf. Huff v Rodriguez*, 64 AD3d 1221, 1223-1224).  In addition, the court "properly rejected the plaintiff['s] request to charge the jury that the defendants were liable for any subsequent aggravation of the injuries due to subsequent medical treatment, or even subsequent medical malpractice (*see* PJI3d 2:305 [2004 Supp]), since there was no factual basis for such a charge" (*Tatlici v APA Truck Leasing Corp.*, 8 AD3d 656, 656-657).

Entered:  December 31, 2015                         Frances E. Cafarell
                                                    Clerk of the Court