# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1287**
**CA 15-01957**
PRESENT: WHALEN, P.J., SMITH, CARNI, DEJOSEPH, AND CURRAN, JJ.

---

ANTONIO GIORGIONE, PLAINTIFF-APPELLANT,

V                                              MEMORANDUM AND ORDER

CORRY F. GIBAUD AND DANIEL F. GIBAUD,
DEFENDANTS-RESPONDENTS.

---

CELLINO & BARNES, P.C., ROCHESTER (RICHARD AMICO OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

HAGELIN SPENCER LLC, BUFFALO (BENJAMIN R. WOLF OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from a judgment of the Supreme Court, Monroe County
(Evelyn Frazee, J.), entered September 9, 2015. The judgment, among
other things, dismissed plaintiff's complaint upon a jury verdict.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries he sustained when the vehicle he was driving was rear-ended
by a vehicle owned by defendant Daniel F. Gibaud and operated by
defendant Corry F. Gibaud. Specifically, plaintiff sought recovery
under three categories of serious injury, i.e., the permanent
consequential limitation of use, significant limitation of use, and
90/180-day categories (*see* Insurance Law § 5102 [d]). After a trial,
plaintiff moved for a directed verdict on the issue of serious injury
with respect to his significant limitation claim. Supreme Court
denied plaintiff's motion, and the jury returned a verdict in favor of
defendants, finding that plaintiff did not suffer a serious injury.
Plaintiff made a posttrial motion to set aside the jury verdict as
against the weight of the evidence. The court denied that motion, and
plaintiff appeals from the posttrial order. We note, however, that,
"[b]ecause that [posttrial] order is subsumed in the judgment . . . ,
the appeal lies from the judgment" (*Huther v Sickler*, 21 AD3d 1303,
1303; *see* CPLR 5501 [a] [1]). We exercise our discretion to "treat
defendants' notice of appeal as valid and deem the appeal as taken
from the judgment" (*Huther*, 21 AD3d at 1303). We further note that
plaintiff has abandoned any contentions with respect to the 90/180-day
category of serious injury (*see Harris v Campbell*, 132 AD3d 1270,
1270).

Plaintiff contends that the court erred in denying his motion for

a directed verdict on the issue of serious injury with respect to his significant limitation claim.  We reject that contention and conclude that the court properly denied his motion.  "[G]iven the conflicting testimony of plaintiff['s] experts and defendants' expert[] both on the issues of serious injury and causation, we conclude that this is not an instance in which plaintiff [is] entitled to judgment as a matter of law" (*Dennis v Massey*, 134 AD3d 1532, 1532 [internal quotation marks omitted]; *see Pawlaczyk v Jones*, 26 AD3d 822, 823, *lv denied* 7 NY3d 701; *see also* CPLR 4404 [a]).  Although plaintiff adduced evidence to the contrary, a physician who examined plaintiff on defendants' behalf testified that plaintiff had a preexisting degenerative condition and did not sustain a serious injury in the accident (*see Harris*, 132 AD3d at 1271; *see also Quigg v Murphy*, 37 AD3d 1191, 1193).  Thus, contrary to plaintiff's contention, "it cannot be said that there is 'simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial' " (*Dennis*, 134 AD3d at 1532, quoting *Cohen v Hallmark Cards*, 45 NY2d 493, 499).

The court also properly denied plaintiff's motion to set aside the verdict as against the weight of the evidence because plaintiff failed to establish that "the evidence so preponderate[d] in [his] favor . . . that [the verdict] could not have been reached on any fair interpretation of the evidence" (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [internal quotation marks omitted]; *see also Dennis*, 134 AD3d at 1533).  Upon our review of the record, we conclude that the jury's finding that plaintiff did not sustain a serious injury is "one that reasonably could have been rendered upon the conflicting evidence adduced at trial" (*Ruddock v Happell*, 307 AD2d 719, 721).  Because "the conflicting medical expert testimony 'raised issues of credibility for the jury to determine,' " the court properly denied plaintiff's posttrial motion to set aside the jury verdict (*Campo v Neary*, 52 AD3d 1194, 1198; *see Dennis*, 134 AD3d at 1533).

Entered:  February 3, 2017                    Frances E. Cafarell
                                              Clerk of the Court