■ LEONORA ALVARADO, Respondent, v CITY OF NEW YORK et al., Appellants. [57 NYS3d 3]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered July 9, 2013, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.

In this negligence action, plaintiff seeks damages for personal injuries resulting from an assault by a neighbor's boyfriend. Plaintiff claims that defendants failed to protect her after requesting her assistance as a translator in resolving a domestic dispute between the neighbor and her boyfriend, and that the boyfriend targeted her due to her involvement in this incident.

As plaintiff now concedes, this Court's decision on a prior appeal, denying defendants' motion to dismiss (*see Alvarado v City of New York*, 60 AD3d 427 [1st Dept 2009]), is not dispositive of the instant motion, as "[t]he law of the case doctrine 'is inapplicable where, as here, a summary judgment motion follows a motion to dismiss' " (*191 Chrystie LLC v Ledoux*, 82 AD3d 681, 682 [1st Dept 2011]).

Defendants are entitled to summary judgment dismissing the complaint. "Whether a special relationship exists is generally a question for the jury" (*Coleson v City of New York*, 24 NY3d 476, 483 [2014]). To establish that, plaintiff must prove that she justifiably relied on the municipality's affirmative undertaking to act on her behalf (*Cuffy v City of New York*, 69 NY2d 255, 260 [1987]). Even if a jury could have found that defendants told the boyfriend to leave the area and that they told plaintiff that they would be on patrol in the area, defendants

established, as a matter of law, that plaintiff could not have justifiably relied on defendants' assurances after the boyfriend returned and asked to borrow her cell phone, and then crossed the street and sat on a bench before returning to attack her (*see Valdez v City of New York*, 18 NY3d 69, 75, 82 [2011]; *Brown v City of New York*, 73 AD3d 1113, 1115 [2d Dept 2010]). At that point, it was clear that defendants had not prevented the boyfriend from returning.

Given the foregoing determination, we need not address whether defendants' conduct was protected by governmental function immunity. Concur—Sweeny, J.P., Renwick, Andrias, Feinman and Gesmer, JJ.