■ MICHAEL J. REW, Appellant, v THOMAS A. BEILEIN, Niagara County Sheriff, et al., Respondents. (Appeal No. 2.) [57 NYS3d 808]—

Appeal from a judgment of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered February 17, 2016. The judgment, entered upon a jury verdict in favor of defendants, awarded defendants costs and disbursements.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when he was shot by defendant Niagara County Sheriff's Deputy Cory Diez. Although the original complaint sought damages from John Doe rather than Diez, Supreme Court granted plaintiff's motion for leave to amend the notice of claim and pleadings to substitute Diez for John Doe, and this Court affirmed that order (*Rew v County of*

*Niagara*, 73 AD3d 1464, 1465 [2010], *abrogated on other grounds by Goodwin v Pretorius*, 105 AD3d 207, 215-216 [2013]). The court later granted defendants' motion for summary judgment dismissing the amended complaint, but this Court reversed the order insofar as appealed from by reinstating certain causes of action (*Rew v County of Niagara*, 115 AD3d 1316, 1318-1319 [2014]). The matter proceeded to trial, and a jury returned a verdict in favor of defendants. The jury found that Diez was not negligent in causing the incident, did not intentionally shoot plaintiff without justification, and reasonably believed that the use of deadly physical force was necessary to defend himself from what he reasonably believed to be the use or imminent use of deadly physical force against him. The court denied plaintiff's subsequent motion to set aside the verdict as against the weight of the evidence.

Prior to trial, defendants submitted a written motion seeking to preclude plaintiff from introducing evidence that a grand jury had declined to indict plaintiff on any charges arising from this incident. Plaintiff did not submit papers in opposition, but argued that the evidence was admissible as part of his case-in-chief. Plaintiff contends for the first time on appeal that the court erred in refusing to permit him to use that evidence to impeach the credibility of Diez, and thus that contention is not preserved for our review (*see Davis v Vallie*, 93 AD3d 1232, 1232 [2012]; *see generally* CPLR 5501 [a] [3]). In any event, that contention is without merit inasmuch as "evidence of a failure to prosecute is inadmissible in a civil action arising out of the same circumstances" (*Bazza v Banscher*, 143 AD2d 715, 716 [1988]; *see Kamenov v Northern Assur. Co. of Am.*, 259 AD2d 958, 959 [1999]; *see also LaPenta v Loca-Bik Ltee Transp.*, 238 AD2d 913, 914 [1997]). Furthermore, pursuant to plaintiff's request, the court informed the jury that "there were no charges ever filed in this case against anyone," and thus the evidence at issue was properly excluded as cumulative (*see Caplan v Tofel*, 58 AD3d 659, 660 [2009]). Consequently, "[e]ven assuming, arguendo, that the court . . . abused its discretion[in granting defendants' motion], we nevertheless conclude that a new trial is not required because any such 'error did not adversely affect a substantial right of the plaintiff[ ]' " (*Cor Can. Rd. Co., LLC v Dunn & Sgromo Engrs., PLLC*, 34 AD3d 1364, 1365 [2006]; *see* CPLR 2002).

Plaintiff further contends that the court erred in permitting defendants' attorney to cross-examine him regarding his conviction of driving while ability impaired because it is merely a violation. "[T]hat argument is raised for the first time on ap-

peal, and we do not consider it" (*Gardner v Honda Motor Co.*, 214 AD2d 1024, 1025 [1995]; *see Martinez v Paddock Chevrolet, Inc.*, 85 AD3d 1691, 1693 [2011]; *see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). Contrary to plaintiff's further contention, we conclude that the court did not abuse its discretion in permitting defendants' attorney to cross-examine him regarding other prior bad acts (*see generally Badr v Hogan*, 75 NY2d 629, 634 [1990]).

We reject plaintiff's contention that the court abused its discretion in refusing to permit his attorney to cross-examine Diez regarding alleged prior incidents involving the use of force. There is no evidence that Diez had been subjected to any administrative action based on his use of force and thus, in the absence of any other evidence indicating that Diez improperly used force, "the questions at issue were 'speculative, and lacked a good faith basis, and the probative value of the matters sought to be elicited was outweighed by the danger that the main issues would be obscured and the jury confused' " (*People v Baker*, 294 AD2d 888, 889 [2002], *lv denied* 98 NY2d 708 [2002]; *see DiPlacido v Commodity Futures Trading Commn.*, 364 Fed Appx 657, 662 [2d Cir 2009], *cert denied* 559 US 1025 [2010]; *see also People v Goodson*, 144 AD3d 1515, 1516 [2016], *lv denied* 29 NY3d 949 [2017]).

Finally, plaintiff's contention that the court erred in denying his motion to set aside the verdict as against the weight of the evidence is without merit. "It is well established that [a] verdict rendered in favor of a defendant may be successfully challenged as against the weight of the evidence only when the evidence so preponderated in favor of the plaintiff that it could not have been reached on any fair interpretation of the evidence" (*Wentland v E.A. Granchelli Devs., Inc.* [appeal No. 2], 145 AD3d 1623, 1623 [2016] [internal quotation marks omitted]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). The determination of a motion to set aside a verdict as against the weight of the evidence "is addressed to the sound discretion of the trial court, but if the verdict is one that reasonable persons could have rendered after receiving conflicting evidence, the court should not substitute its judgment for that of the jury" (*Ruddock v Happell*, 307 AD2d 719, 720 [2003]; *see McMillian v Burden*, 136 AD3d 1342, 1343 [2016]; *Sauter v Calabretta*, 103 AD3d 1220, 1220 [2013]). "[I]t is within the province of the jury to determine issues of credibility, and great deference is accorded to the jury given its opportunity to see and hear the witnesses" (*McMillian*, 136 AD3d at 1343-1344 [internal quotation marks omitted]; *see Sauter*, 103 AD3d at 1220). Deference

is also afforded where, as here, "the conflicting medical [and other] expert testimony raised issues of credibility for the jury to determine" (*Giorgione v Gibaud*, 147 AD3d 1448, 1449 [2017] [internal quotation marks omitted]; *see Christopher v Dokko*, 55 AD3d 1367, 1368 [2008]). Based upon our review of the record, we conclude that the jury's findings "reasonably could have been rendered upon the conflicting evidence adduced at trial" (*Ruddock*, 307 AD2d at 721), and thus that the court properly denied plaintiff's posttrial motion to set aside the jury verdict (*see Giorgione*, 147 AD3d at 1449). Present—Whalen, P.J., Smith, DeJoseph, Troutman and Scudder, JJ.