Combustion Science & Engineering, Inc., Appellant, v Argus Engineering, PLLC, Respondent. [57 NYS3d 794]—

Appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (James P. Murphy, J.), entered January 14, 2016. The order and judgment granted the motion of defendant for a directed verdict.

It is hereby ordered that the order and judgment so appealed from is unanimously reversed on the law without costs, the motion is denied, and the jury verdict is reinstated.

Memorandum: In this breach of contract action, plaintiff appeals from an order and judgment that granted defendant's motion for a directed verdict after the jury returned a verdict in favor of plaintiff. Pursuant to its contract with defendant, plaintiff was required to design a "code compliant" fire prevention sprinkler system for a warehouse. The then-applicable provisions of the Building Code of New York State required that such sprinkler systems comply with National Fire Protection Association Code 13 ([NFPA Code 13]; *see* Building Code of NY State §§ 903.2.8.2, 903.3.1.1 [2007]). Because of an internal conflict within the prescriptive requirements of NFPA Code 13, the parties planned to submit plaintiff's design to the City of Buffalo (City) for a variance.

At trial, plaintiff's representative testified that the design that plaintiff submitted to defendant did not comply with the 2010 edition of NFPA Code 13, but that the design was "code compliant" for the purposes of the contract because it was likely that the City would approve a variance for the design. The proof at trial established that, through no fault of plaintiff, defendant did not submit the design to the City for a variance. In

granting defendant's motion for a directed verdict after the jury returned a verdict in favor of plaintiff, Supreme Court concluded that the evidence at trial established that plaintiff breached the contract because plaintiff's representative had admitted that the design was not "code compliant."

We conclude that the court erred in granting defendant's motion. "Where a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (*Schreiber v University of Rochester Med. Ctr.*, 88 AD3d 1262, 1263 [2011] [internal quotation marks omitted]; *see Lesio v Attardi*, 121 AD3d 1527, 1528 [2014]). A verdict should only be set aside where there is " 'simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial' " (*Dennis v Massey*, 134 AD3d 1532, 1532 [2015], quoting *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]).

Although plaintiff's representative testified that the design did not comply with the 2010 edition of NFPA Code 13, the court took judicial notice of the fact that the 2007 version of the Building Code was the applicable version, which required that sprinkler systems comply with an earlier edition of NFPA Code 13 (*see generally* Building Code of NY State §§ 903.2.8.2, 903.3.1.1 [2007]). Because there was no evidence presented at trial describing the requirements of the earlier edition of NFPA Code 13, we conclude that it was error for the court to construe the testimony that the design did not comply with the 2010 edition of NFPA Code 13 as an admission that the design did not comply with the applicable version of the Building Code.

Contrary to defendant's contention, the jury could have reasonably determined that plaintiff did not breach the contract because the contractual requirement to provide a "code compliant" design was satisfied by plaintiff's submission of a design that would comply with the Building Code upon the issuance of a variance. Indeed, the phrase "code compliant" was not defined in the contract, and it is axiomatic that a construction project that has been granted a variance from the requirements of the Building Code is not in violation of that code. Thus, the verdict can be reconciled with a reasonable view of the evidence, and the court therefore erred in granting defendant's motion (*see generally Lesio*, 121 AD3d at 1528). Present—Smith, J.P., Peradotto, DeJoseph, NeMoyer and Curran, JJ.