Cullen v Rider (2018 NY Slip Op 01820)





Cullen v Rider


2018 NY Slip Op 01820


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, NEMOYER, CURRAN, AND TROUTMAN, JJ.


400 CA 17-01760

[*1]JEREMIAH G. CULLEN, PLAINTIFF-RESPONDENT,
v
CHAD GERALD RIDER, DEFENDANT-APPELLANT. 






GOZIGIAN, WASHBURN & CLINTON, COOPERSTOWN (EDWARD GOZIGIAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
CHERUNDOLO LAW FIRM, PLLC, SYRACUSE (J. PATRICK LANNON OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an amended order of the Supreme Court, Oneida County (Patrick F. MacRae, J.), entered May 5, 2017. The amended order, among other things, denied defendant's motion for summary judgment dismissing plaintiff's complaint. 
It is hereby ORDERED that the amended order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained when the motorcycle he was riding collided with a vehicle driven by defendant. Contrary to defendant's contention, Supreme Court properly denied his motion for summary judgment dismissing the complaint. Defendant failed to meet his initial burden of establishing as a matter of law that he was free from negligence and that plaintiff's conduct was the sole proximate cause of the accident (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Based on defendant's own deposition testimony, we conclude that there is a triable issue of fact whether defendant "observe[d] that which there was to be seen," and thus whether defendant was "negligent in failing to look or in not looking carefully" at the time of the accident (1A NY PJI3d 2:77.1 at 484 [2018]; see generally Regdos v City of Buffalo, 132 AD3d 1343, 1344 [4th Dept 2015]).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court